IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Emily Evans and Melanie Welch,

    Plaintiffs,

vs.

Civil Action No.: 3:21-cv-10575
Hon. Robert Cleland

The City of Ann Arbor, James Worthington, in his
official and individual capacities, Craig Strong,
in his official and individual capacities, Meadowlark
Builders LLC, Douglas Selby, Kirk Brandon, Dave
Anderson, Harry Ramsden, Tina Roperti, Michigan Quality
Electric, Derek Tuck, David Giles, Rob McCrum, Arbor
Insulation, Meadowlark Energy, Robert Patterson,
Matthew Krichbaum, in his official and individual capacities,
Property Management Specialists, Inc., Howard and Howard
Attorneys, PLLC, Brandon J. Wilson, Esq., Judge Timothy Connors,
in his official capacity only, and the Hon. Carol Kuhnke,
Chief Judge of the Washtenaw County Circuit Court,
in her official capacity only,

    Defendants, Jointly and Severally.

_____/

Marc M. Susselman (P29481)
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com
Attorney for Plaintiffs

_____/

## WAIVER OF THE SERVICE OF SUMMONS

To:   Marc M. Susselman
      Attorney for Plaintiffs

    I have received your request to waive service of a summons in this action along with a copy of the Complaint, Index of Exhibits, and the Exhibits, and two copies of this waiver form.

1

I agree on behalf of Matthew Krichbaum, to save the expense of serving a summons and complaint in this case.

I understand that I, or the entities I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days for March 17, 2021, the date when this request was sent. If I fail to do so, a default judgment will be entered against me or the entity I represent.

Dated: 4/5/21

Matthew Krichbaum
Attorney at Law

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expense of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and other defenses and objections, but you cannot object to the absence of a summons or of service.

2

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.