**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

EMILY EVANS and MELANIE WELCH,

     Plaintiffs,

v.                                        Case No. 21-10575

CITY OF ANN ARBOR, *et al.*,

     Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY AN INJUNCTION SHOULD NOT ENTER**

Plaintiffs Emily Evans and Melanie Welch, Evans' mother, bring a fifteen-count complaint against: companies and individuals that provided Plaintiff Evans electrical and insulation work for her house, lawyers representing those companies and individuals, the City of Ann Arbor, Ann Arbor officials, and judicial officers of the Washtenaw County Circuit Court. (ECF No. 1.) In April 2016, Defendant Meadowlark Builders LLC ("Meadowlark") brought an action against Plaintiff Evans for breach of a home construction contract and to foreclose on a construction lien. (ECF No. 11, PageID.762.) A trial was held in October 2017 before Hon. Judge Timothy Connors of the Washtenaw County Circuit Court, and both Plaintiff Evans and her attorney failed to appear at the trial. (*Id.*, PageID.766.) Judge Connors entered a default judgment on October 27, 2017 and awarded Defendant Meadowlark $55,096.27. (ECF 11, PageID.769; ECF No. 11-2, PageID.960.)

Plaintiff Evans appealed the default judgment, and, on February 5, 2019, the Michigan Court of Appeals issued a thorough opinion affirming Judge Connors'

decision. (ECF No. 11-2, PageID.965-71.) Plaintiff Evans appealed again to the

Michigan Supreme Court, but the court declined the application for appeal on November

26, 2019. (ECF No. 11, PageID.769.)

Judge Connors appointed a receiver, Defendant Matthew Krichbaum, to oversee

Plaintiff Evans' property and collect monies to satisfy the default judgment. (ECF No.

11, PageID.769-70.) According to Plaintiffs, Plaintiff Evans paid off the default judgment

on December 23, 2020. (*Id.*, PageID.772.) Plaintiffs claim that Defendant Krichbaum

filed a "Notice of Filing Final Report" before Judge Connors on April 1, 2021 and moved

to recover $21,835.33 in fees from Plaintiff Evans. (*Id.*) In response, Plaintiff filed a

motion to recuse Judge Connors from the case. (*Id.*)

Plaintiffs filed a "Motion for Order to Show Cause" in this court because they are

"concerned" Judge Connors may not recuse himself and may approve Defendant

Krichbaum's calculation of fees. (*Id.*) A hearing on the fees is scheduled for April 15,

2021, and Plaintiffs seek an emergency injunction to preclude Judge Connors from

proceeding with the hearing. (*Id.*, PageID.753.) Plaintiffs assert Judge Connors has

violated Plaintiff Evans' constitutional rights and the October 2017 default judgment was

void *ab initio*. (*Id.*, PageID.752-53.)

Given the emergency nature of Plaintiffs' motion and their request for an

injunction prior to an April 15 hearing, the court construes the motion as a request for a

temporary restraining order ("TRO"). The court has reviewed the record and determined

that the requirements for issuing a TRO under Federal Rule of Civil Procedure 65(b) are

not met in this case. Specifically, Plaintiffs fails to establish that "immediate and

irreparable injury, loss, or damage will result" absent an emergency injunction. Fed. R.

Civ. P. 65(b)(1)(A). Plaintiffs speculate that Judge Connors will grant the fees Defendant Krichbaum requests, but Plaintiffs fail show with any real certainty how Judge Connors will analyze the legal issues before him. *See D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)) (holding that an injunction is not appropriate where the purported injuries are not "certain and immediate" but are merely "speculative or theoretical"). In addition, Plaintiffs have not shown how this court has authority to inject itself into state court proceedings simply because one side does not approve of the way the state case has been progressing.

Plaintiff Evans claims her credit rating will suffer if Judge Connors approves Defendant Krichbaum's fees, and she may, at some unspecified point in time, be barred from selling her property due to a judgment lien Judge Connors may issue in the future. (ECF No. 11, PageID.782-83.) These assertions are also mere speculation. *See D.T.*, 942 F.3d at 327. Plaintiffs do not state if or when Plaintiff Evans will sell her house, and Plaintiffs do not know whether Judge Connors will issue a judgment lien. Further, Plaintiffs do not explain how having a lower credit score will result in immediate and irreparable harm to Plaintiff Evans. Economic damages such as lost revenue are generally insufficient to support emergency injunctive relief. *See Taubman Co. v. Webfeats*, 319 F.3d 770, 778 (6th Cir. 2003) ("[B]ecause any damages would be economic in nature and fully compensable monetarily, we find no potential for irreparable harm."); *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 599 (6th Cir. 2014) ("[M]ere loss of profits generally will not qualify as irreparable harm."). Plaintiffs admit that Plaintiff Evans has access to the Michigan court system and can appeal any order

3

of fees. (ECF No. 11, PageID.782-83.) But Plaintiffs assert the state appellate process is "extensive" and, while Plaintiff Evans appeals a decision from Judge Connors, she will suffer "extreme emotional distress." (*Id.*) Plaintiffs do not cite a single portion of the evidentiary record to support the claims of injury.

The court does not find that Plaintiffs' conclusory and unsupported allegations warrant the extraordinary remedy of an injunction, especially when the injunction would halt an ongoing state court proceeding. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) ("[P]rinciples of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding."). Judge Connors issued a default judgment against Plaintiff in October 2017, over three years ago, and the Michigan Court of Appeals affirmed the decision in February 2019, over two years ago. (ECF 11, PageID.769; ECF No. 11-2, PageID.960, 965-71.) The court will not enjoin the state proceedings now, after Plaintiff Evans has already paid off the default judgment, and mere days before a hearing on receivership fees. (ECF No. 11, PageID.772.) Accordingly,

IT IS ORDERED that Plaintiffs' "Motion for Order to Show Cause Why an Injunction Should Not Enter Precluding Continuation of Proceedings in State Court" (ECF No. 11) is DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlettt for Lisa Wagner   /
Case Manager and Deputy Clerk

4

(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10575.EVANS.MotionforOrdertoShowCause.RMK.docx