UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY EVANS and MELANIE WELCH,

     Plaintiffs,

v.

THE CITY OF ANN ARBOR,
JAMES WORTHINGTON, in his official
capacity, CRAIG STRONG, in his official
capacity, MEADOWLARK BUILDERS,
LLC, DOUGLAS SELBY,
KIRK BRANDON, DAVE ANDERSON,
HARRY RAMSDEN, TINA ROPERTI,
MICHIGAN QUALITY ELECTRIC,
DEREK TUCK, DAVID GILES,
ROB McCRUM, ARBOR INSULATION,
MEADOWLARK ENERGY,
ROBERT PATTERSON,
MATTHEW KRICHBAUM, in his official
and individual capacity, PROPERTY
MANAGEMENT SPECIALISTS, INC.,
HOWARD & HOWARD ATTORNEYS,
PLLC, BRANDON J. WILSON, ESQ.,
JUDGE TIMOTHY CONNORS, in his
official capacity only, THE HON.
CAROL KUHNKE, in her official capacity
only,

     Defendants.

Case No. 3:21-cv-10575-RHC-APP
Hon. Robert H. Cleland
Mag. Judge Anthony P. Patti

_____/

**DEFENDANTS MEADOWLARK BUILDERS LLC, DOUGLAS SELBY,
KIRK BRANDON, DAVE ANDERSON, HARRY RAMSDEN,
TINA ROPERTI, MICHIGAN QUALITY ELECTRIC, DEREK TUCK,
DAVID GILES, ROB McCRUM, ARBOR INSULATION, AND
ROBERT PATTERSON'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

For the reasons more particularly stated in the accompanying Brief in Support, Defendants Meadowlark Builders, LLC, Douglas Selby, and Kirk Brandon, Dave Anderson, Harry Ramsden, Tina Roperti, Michigan Quality Electric, Derek Tuck, David Giles, Rob McCrum, Arbor Insulation, and Robert Patterson (collectively, the "Meadowlark Defendants") respectfully request that this Court grant their motion and dismiss Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

In accordance with Local Rule 7.1(a)(2), on May 27, 2021, counsel for the Meadowlark Defendants requested and did not obtain concurrence from Plaintiffs' counsel in the relief sought.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: <u>May 28, 2021</u>

By: <u>/s/ Mark C. Vanneste</u>
   Mark C. Vanneste (P73001)
   Joseph W. Barber (P82728)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Direct: (248) 723-0456 | Fax: (248) 645-1568
Email: mv@h2law.com; jwb@h2law.com
*Attorneys for Meadowlark Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY EVANS and MELANIE WELCH,

     Plaintiffs,

v.

THE CITY OF ANN ARBOR,
JAMES WORTHINGTON, in his official
capacity, CRAIG STRONG, in his official
capacity, MEADOWLARK BUILDERS,
LLC, DOUGLAS SELBY,
KIRK BRANDON, DAVE ANDERSON,
HARRY RAMSDEN, TINA ROPERTI,
MICHIGAN QUALITY ELECTRIC,
DEREK TUCK, DAVID GILES,
ROB McCRUM, ARBOR INSULATION,
MEADOWLARK ENERGY,
ROBERT PATTERSON,
MATTHEW KRICHBAUM, in his official
and individual capacity, PROPERTY
MANAGEMENT SPECIALISTS, INC.,
HOWARD & HOWARD ATTORNEYS,
PLLC, BRANDON J. WILSON, ESQ.,
JUDGE TIMOTHY CONNORS, in his
official capacity only, THE HON.
CAROL KUHNKE, in her official capacity
only,

     Defendants.

Case No. 3:21-cv-10575-RHC-APP
Hon. Robert H. Cleland
Mag. Judge Anthony P. Patti

_____/

**BRIEF IN SUPPORT OF DEFENDANTS MEADOWLARK BUILDERS
LLC, DOUGLAS SELBY, KIRK BRANDON, DAVE ANDERSON,
HARRY RAMSDEN, TINA ROPERTI, MICHIGAN QUALITY ELECTRIC,
DEREK TUCK, DAVID GILES, ROB McCRUM, ARBOR INSULATION,
AND ROBERT PATTERSON'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

## ISSUES PRESENTED

I.    WHETHER THE *ROOKER-FELDMAN* DOCTRINE BARS PLAINTIFFS'
      COMPLAINT?

      **Plaintiff answers, "No."**
      **Defendant answers, "Yes."**
      **This Honorable Court should answer, "Yes."**

II.   WHETHER COLLATERAL ESTOPPEL BARS PLAINTIFFS'
      COMPLAINT?

      **Plaintiff answers, "No."**
      **Defendant answers, "Yes."**
      **This Honorable Court should answer, "Yes."**

III.  WHETHER PLAINTIFFS' CLAIMS FOR CONSTITUTIONAL TORTS,
      CIVIL CONSPIRACY, and SLANDER OF TITLE ARE TIME BARRED?

      **Plaintiff answers, "No."**
      **Defendant answers, "Yes."**
      **This Honorable Court should answer, "Yes."**

IV.   WHETHER PLAINTIFFS' PENDANT STATE CLAIMS SHOULD BE
      DISMISSED WHEN THE CONSTITUTIONAL CLAIMS LACK
      JURISDICTION?

      **Plaintiff answers, "No."**
      **Defendant answers, "Yes."**
      **This Honorable Court should answer, "Yes."**

V.    WHETHER PLAINTIFFS' FAIL TO STATE A CLAIM FOR THEIR
      CLAIMS OF FRAUD, STATUTORY CONVERSION, AND
      INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS?

      **Plaintiff answers, "No."**
      **Defendant answers, "Yes."**
      **This Honorable Court should answer, "Yes."**

# <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

## CASES

*Bonner v. Chi. Title Ins. Co.,*
  194 Mich. App. 462 (1992)

*Garback v. Lossing,*
  2010 WL 3733972 (E.D. Mich. Sept. 20, 2010)

*Indigenous Am. Peoples Inhabiting the Cty. of Wayne, Mich. v. Wayne Cty.,*
  No. 19-12579, 2020 WL 4006761 (E.D. Mich. Feb. 25, 2020)

*Krueger v. City of Eastpointe,*
  452 F. Supp. 3d 679 (E.D. Mich. 2020)

*Llewellyn-Jones v. Metro Property Grp., LLC,*
  22 F. Supp. 3d 788 (E.D. Mich. 2014)

*McCormick v. Braverman,*
  451 F.3d 382 (6th Cir. 2006)

*McCune v. City of Grand Rapids,*
  842 F.2d, 903 (6th Cir. 1988)

*Yee v. Mich. Supreme Court,*
  2007 WL 200952 (E.D. Mich. Jan. 23, 2007)

## **TABLE OF CONTENTS**

ISSUES PRESENTED..........................................................................i

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................ii

TABLE OF AUTHORITIES ................................................ v

I.     FACTS RELEVANT TO DEFENDANTS' MOTION.................................2

II.    LAW AND ARGUMENT..........................................................4

    A.    This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Because of the *Rooker-Feldman* Doctrine. ...........................................................5

    B.    Plaintiffs' Claims Against the Meadowlark Defendants are Barred by Collateral Estoppel. ...................8

    C.    The Majority of Plaintiff's Claims Against the Meadowlark Defendants are Barred By the Statute of Limitations. ...................................................9

        1.    Plaintiffs' Count II for Constitutional Violations Against the Meadowlark Defendants is Untimely. ...................10

        2.    Plaintiffs' Count IV for Constitutional Violations Against Meadowlark and Selby is Untimely.......................10

        3.    Plaintiff's Count VII for Civil Conspiracy Against Meadowlark, Selby, and Brandon is Untimely......................11

        4.    Plaintiffs' Count XI for Slander of Title Against Meadowlark, Selby, and Brandon is Untimely. ............................12

    D.    Counts II and IV Fail to State a Claim for Violation of 42 U.S.C. § 1983.........................................12

    E.    Plaintiffs Fail to State a Claim Over the Non-Time Barred Claims if the Court Exercises Supplemental Jurisdiction Over Them. .....................................14

        1.    Counts VI and XI for Fraud Against the Meadowlark Defendants are not Actionable................14

2.   Plaintiffs' Count VIII for Statutory Conversion Against Meadowlark, Selby, and Brandon is Not Actionable. ............17

3.   Plaintiffs' Count X for Intentional Infliction of Emotional Distress Against Meadowlark, Selby, and Brandon is Not Actionable. ...............................................................................18

F.   The Court Lacks Jurisdiction Over Plaintiffs' Remaining State Claims Because the Federal Claims are Time Barred and There is No Diversity Between the Parties. ..........................................................21

III.   CONCLUSION.............................................................................23

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Cty. of Wayne*,
   No. 10-cv-13708, 2011 WL 2470467 (E.D. Mich. June 20,
   2011) ...................................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009) ....................................................................5

*Bailey Farms Inc. v. NOR–AM Chem. Co.*,
   27 F.3d 188 (6th Cir. 1994) ...............................................................16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 555 (2007) .....................................................................5

*Bonner v. Chi. Title Ins. Co.*,
   194 Mich. App. 462 (1992) ................................................................10

*City of Birmingham Employees' Ret. Sys. v. Comerica, Inc.*,
   No. 09-13201, 2012 WL 13002132 (E.D. Mich. Aug. 28,
   2012) .................................................................................................16

*Dennis v. Sparks*,
   449 U.S. 24; 101 S. Ct. 183; 66 L. Ed. 2d 185 (1980) .......................13

*Exxon-Mobile Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005) .............................................................................6

*Frank v. Dana Corp.*,
   547 F.3d 564 (6th Cir. 2008) .............................................................15

*Garback v. Lossing*,
   2010 WL 3733972 (E.D. Mich. Sept. 20, 2010) .................................21

*Heyne v. Metro. Nashville Pub. Sch.*,
   655 F.3d 556 (6th Cir. 2011) .............................................................13

*I-Fusion Technology, Inc. v. TRW Automotive U.S., L.L.C.*,
   No. 306466, 2012 WL 6604701 (Mich. Ct. App. Dec. 18,
   2012) .................................................................................................16

*Indigenous Am. Peoples Inhabiting the Cty. of Wayne, Mich. v.*
*Wayne Cty.*,
No. 19-12579, 2020 WL 4006761 (E.D. Mich. Feb. 25, 2020).........................5, 6

*JAC Holding Enter., Inc. v. Atrium Cap. Partners, LLC*,
997 F. Supp. 2d 710 (E.D. Mich. 2014)................................................................15

*Krueger v. City of Eastpointe*,
452 F. Supp. 3d 679 (E.D. Mich. 2020)..............................................................18

*Landefeld v. Marion Gen. Hosp.*,
994 F.2d 1178 (6th Cir. 1993).............................................................................22

*Lemmerman v. Fealk*,
449 Mich. 56 (1995)...........................................................................................19

*Lewis v. LeGrow*,
258 Mich. App. 175 (2003) ........................................................................ 19, 20

*Llewellyn-Jones v. Metro Property Grp., LLC*,
22 F. Supp. 3d 788 (E.D. Mich. 2014) ....................................................... 18, 20

*Madison-Hughes v. Shalala*,
80 F.3d 1121 (6th Cir.1996)..................................................................................5

*McCormick v. Braverman*,
451 F.3d 382 (6th Cir. 2006)..............................................................................6, 8

*McCune v. City of Grand Rapids*,
842 F.2d, 903 (6th Cir. 1988)................................................................................9

*Merchants Pub. Co. v. Maruka Mach. Corp. of Am.*,
800 F. Supp 1490 (W.D. Mich. 1992)..................................................................16

*Mid America Solutions, LLC v. Merchant Solutions*
*International, Inc.*,
No. 15-563, 2016 WL 96178 (W.D. Mich. Jan. 8, 2016) ....................................17

*Moon v. Harrison Piping Supply*,
465 F.3d 719 (6th Cir. 2006)...............................................................................22

*Mylett v. Jeane*,
879 F.2d 1272 (5th Cir.1989)...............................................................................12

*Randall S. Miller & Assocs., P.C. v. Pitney Bowes Inc.*,
   No. 14-14447, 2016 WL 1242356 (E.D. Mich. Mar. 30,
   2016) ................................................................................................ 16, 17

*Roberts v. Auto-Owners Ins. Co.*,
   422 Mich. 594 (1985) ..................................................................... 19, 20

*Robertson v. Lucas*,
   753 F.3d 606 (6th Cir. 2014) ................................................................13

*Spadafore v. Gardner*,
   330 F.3d 849 (6th Cir. 2003) ................................................................13

*Stevens v. Saint Elizabeth Med. Ctr., Inc.*,
   533 F. App'x 624 (6th Cir. 2013) .........................................................22

*Sudden Serv. Inc. v. Brockman Forklifts, Inc.*,
   647 F. Supp. 2d 811 (E.D. Mich. 2008) ...............................................18

*Trzebuckowski v. City of Cleveland*,
   319 F.3d 853 (6th Cir. 2003) .............................................................9, 10

*West v. Atkins*,
   487 U.S. 42; 108 S. Ct. 2250; 101 L. Ed. 2d 40 (1988) .......................12

## Statutes

42 U.S.C. § 1983 .................................................................... 3, 9, 10, 12

MCL § 600.2919a ..................................................................................17

## Rules

Fed. R. Civ. P. 12(b)(1) ..........................................................................4

Fed. R. Civ. P. 12(b)(6) .......................................................................4, 5

Fed. R. Civ. P. 9 ...................................................................................15

Fed. R. Civ. P. 9(b) .......................................................................... 15, 16

Plaintiffs are dissatisfied with the way their lawsuit in Washtenaw County Circuit Court with Defendant Meadowlark Builders, LLC ("Meadowlark") unfolded. Instead of accepting the decision of the Washtenaw County Circuit Court, Plaintiffs filed this lawsuit untethered from reality.

Evans signed a contract for home improvements on her residence with Meadowlark. Meadowlark performed under the contract, but Evans refused to pay. Meadowlark asserted a mechanic's lien, and, represented by Howard & Howard Attorneys PLLC and Brandon J. Wilson (collectively, the "H&H Defendants"), successfully sued to enforce its contract with Evans in Washtenaw County Circuit Court. Evans' loss was upheld by the Michigan Court of Appeals. The Michigan Supreme Court declined to hear further appeal. Instead of accepting the decision of the Washtenaw County Circuit Court and the Michigan Court of Appeals, Plaintiffs filed this lawsuit alleging a vast conspiracy against them including the lawyers for Meadowlark, City of Ann Arbor officials, Meadowlark employees, and the officers and appointees of the Washtenaw County Circuit Court. Nothing could be further from the truth.

Plaintiffs' frivolous, wasteful, and harassing lawsuit against Defendants Meadowlark, Douglas Selby, Kirk Brandon, Dave Anderson, Harry Ramsden, Tina Roperti, Michigan Quality Electric, Derek Tuck, David Giles, Rob McCrum, Arbor

Insulation, and Robert Patterson (collectively, the "Meadowlark Defendants") should be summarily dismissed with prejudice.

## I.   FACTS RELEVANT TO DEFENDANTS' MOTION.

On April 20, 2016, Meadowlark brought an action against Evans for breach of a home construction contract and to foreclose on a construction lien.  ECF No. 1, PageID.19, ¶ 66.  A trial was held on October 2, 2017 before Hon. Judge Timothy Connors of the Washtenaw County Circuit Court. ECF No. 1, PageID.28, ¶ 82. Evans and her attorney failed to appear at the trial. *Id.*  On the trial date, Meadowlark entered evidence of its damages and moved for a default because neither Evans nor her attorney appeared.  ECF No. 1, PageID.34–35, ¶ 88.  Judge Connors entered a default judgment on October 27, 2017 and awarded Meadowlark $55,096.27.  ECF No. 1, PageID.38, ¶ 89; ECF No. 1-1, PageID.562-567.  On December 14, 2017, Evans appealed the judgment.  ECF No. 1, PageID.38, ¶ 90.  On February 5, 2019, the Michigan Court of Appeals issued a thorough opinion affirming Judge Connors' decision. *Id.*; ECF No. 1-1, PageID.568-576.  Evans appealed again to the Michigan Supreme Court, but the court declined the application for leave to appeal. ECF No. 1, PageID.38, ¶ 90.

After entering judgment, Judge Connors appointed a receiver, Defendant Krichbaum, to oversee Evans' property and collect monies to satisfy the default judgment.  ECF No. 1, PageID.43, ¶ 96.  Evans paid the judgment in full on

December 22, 2020.   ECF No. 1, PageID.46–47, ¶ 102.   On March 15, 2021, Plaintiffs filed this lawsuit.  ECF No. 1.  In the lawsuit, Plaintiffs level various claims against the Meadowlark Defendants and others.

First, Evans alleges that the Meadowlark Defendants conspired with Ann Arbor in violation of 42 U.S.C. § 1983 when they purchased the permit to perform insulation work at Evans' property.  ECF No. 1, PageID.61, at ¶ 130.  Evans does not identify which permit is part of the conspiracy claim, but the relevant permits were issued on December 11, 2015 and December 17, 2015. EFC No. 1-1, PageID.179-183.

Second, Evans alleges that Meadowlark, Selby, and the H&H Defendants engaged in a violation of 42 U.S.C. § 1983 through subornation of perjury at the state court trial. ECF No. 1, PageID.65–66, ¶¶ 140–146.

Third, Evans alleges the Meadowlark Defendants committed fraud by stating they completed the insulation work on Evans' home.  ECF No. 1, PageID.68, ¶ 157.

Fourth, Evans alleges that Meadowlark, Selby, Brandon, and the H&H Defendants engaged in a civil conspiracy through several actions and comments to the court during the state court civil action.  ECF No. 1, PageID.69–70, ¶ 160.

Fifth, Evans alleges that Meadowlark, Selby, Brandon and the H&H Defendants, statutorily converted the money Evans paid in satisfaction of the judgment entered in state court. ECF No. 1, PageID.71, ¶ 165.

Sixth, Evans alleges the Meadowlark, Selby, and Brandon slandered Evans' title.  ECF No. 1, PageID.72, ¶¶ 169–171.  The lien that allegedly slanders Evans' title was placed on the property on or about March 21, 2016.  ECF No. 1, at PageID.17–18, ¶¶ 63–64; ECF No. 1-1, PageID.351-360.

Seventh, Plaintiffs allege that Meadowlark, Selby, Brandon, and the H&H Defendants intentionally inflicted emotional distress on Plaintiffs through various actions related to the state court litigation.  ECF No. 1, at PageID.73, ¶ 173.

Eighth, Evans alleges that MQE, Tuck, Guiles, and McCrum committed fraud based on various statements and acts that were litigated in the state court civil action. ECF No. 1, at PageID.73, ¶ 177.

Finally, Welch alleges that Defendant Selby committed an assault and battery on Welch.  ECF No. 1, at PageID.74, ¶ 180.

## II.   LAW AND ARGUMENT

The Court should dismiss Plaintiffs' Complaint for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(1).  The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130

(6th Cir. 1996).  The district court is further permitted to resolve factual disputes necessary to resolving challenges to subject matter jurisdiction when the factual existence of jurisdiction is challenged as it is here. *Id.*; *Indigenous Am. Peoples Inhabiting the Cty. of Wayne, Mich. v. Wayne Cty.*, No. 19-12579, 2020 WL 4006761, at *3 (E.D. Mich. Feb. 25, 2020).

When deciding a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable, favorable inferences from them. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The Court should grant a Rule 12(b)(6) motion when there is a failure to state a facially plausible claim that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.   This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Because of the *Rooker-Feldman* Doctrine.

Despite Plaintiffs' attempt to preemptively argue against the application of the long-standing *Rooker-Feldman* doctrine, it bars Plaintiffs' claims.

The *Rooker-Feldman* doctrine bars federal courts from acting as *de facto* appeals courts over state court judgments and prevents federal courts from modifying or vacating a state court judgment.  *Yee v. Mich. Supreme Court*, 2007 WL 200952, at *4 (E.D. Mich. Jan. 23, 2007). Under the doctrine, state court losers cannot complain of injuries caused by state-court judgments rendered before the

5

district court proceedings are commenced which invite district court review and rejection of the state court judgment. *Exxon-Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *Indigenous Am. Peoples Inhabiting the Cty. of Wayne, Mich.*, 2020 WL 4006761, at *4.

When the state court judgment caused the alleged injuries, the *Rooker-Feldman* doctrine bars the claims. *Indigenous Am. Peoples Inhabiting the Cty. of Wayne, Mich.*, 2020 WL 4006761, at *5; *see also, Anderson v. Cty. of Wayne*, No. 10-cv-13708, 2011 WL 2470467, at *4 (E.D. Mich. June 20, 2011) ("It is clear from Plaintiffs' Complaint that the source of Plaintiffs' injuries is the state court judgment. Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of Rooker-Feldman [is] appropriate."). Casting the complaint as caused by the defendant's actions and the state court judgment itself is insufficient when the complained of actions are the product of the state court judgment. *Yee*, 2007 WL 200952, at *5.

Plaintiffs' claims are virtually identical to those in *Yee*, where the district court dismissed the complaint under the *Rooker-Feldman* doctrine. In *Yee*, the plaintiff filed a lawsuit in Michigan state court against his neighbors for conspiracy and nuisance. *Id.* at *2. On the day of trial, prior to its start, the state court entered summary disposition in favor the defendants and against plaintiff. *Id.* The Michigan

6

Court of Appeals affirmed, and the Michigan Supreme Court denied further leave to appeal. *Id.* at *3.  The plaintiff then filed a lawsuit in the Eastern District of Michigan complaining that the Michigan state court judge erred, and the defendants' attorneys and state court personnel conspired to harm plaintiff in violation of his United States Constitutional rights. *Id.*  The Court determined the plaintiff's claims were barred by the *Rooker-Feldman* doctrine because they did not stand independent of the underlying state court judgment. *Id.* at *5.  Seeking redress for the actions of defendants does not avoid *Rooker-Feldman* when the alleged actions are the product of the state court judgment. *Id.*  "[I]f the defendants' actions are the product of the state court judgment, then the plaintiff's challenge of those actions is in fact a challenge of the judgment itself, and, therefore, is barred under *Rooker-Feldman*." *Id.*  Because the plaintiff's claims were based on an alleged conspiracy to violate his constitutional rights through the state court process, they were barred. *Id.*

Just like *Yee*, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. In order for Plaintiffs to succeed on their claims, this Court would necessarily have to review the Washtenaw County Circuit Court decision and find it was wrongly decided.  In fact, Plaintiffs' first paragraph under their "Preliminary Conclusions of Fact and Law" expressly argues the trial court erred in enforcing the contract between Evans and Meadowlark.  ECF No. 1, PageID.49, ¶ 107. This alleged error of factual determination is used to support all of the other claims asserted by

Plaintiffs against the Meadowlark Defendants. ECF No., PageID.49–53, 54 ¶¶ 108–09, 111. This Court is without jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine.

### B.    Plaintiffs' Claims Against the Meadowlark Defendants are Barred by Collateral Estoppel.

If the *Rooker-Feldman* doctrine does not bar Plaintiffs' claims, collateral estoppel does. Collateral estoppel bars the relitigation of issues or facts that have already been decided in a prior litigation. *Yee*, 2007 WL 200952, at *6. In Michigan, collateral estoppel applies when: i) a question of fact essential to the second litigation must have been actually litigated and determined by a valid and final judgment in a prior action, ii) the same parties must have had a full and fair opportunity to litigate the issue; and iii) there must be mutuality of estoppel. *McCormick*, 451 F.3d at 397. As Plaintiffs admit, the third element does not apply to the facts of this case. ECF No. 1, PageID.57, ¶ 113.

Plaintiffs' claims are based on the premise that the Washtenaw County Circuit Court wrongly decided the underlying litigation. ECF No. 1, PageID.49–54, ¶¶ 107, 109–11. Plaintiffs contend there is no liability to Meadowlark for breach of contract, and the judgment and collection resulting from a determination otherwise are tortious. Yet, the Washtenaw County Circuit Court conclusively decided the issue of the existence and breach of contract in October 2017. The Michigan Court of

Appeals affirmed this determination. Plaintiffs' claims have been fully litigated and decided on the merits.

Again, *Yee* is instructive.  In that case, the plaintiff attempted to challenge state court judgments affirmed on appeal as the result of a conspiracy to violate his constitutional rights. *Yee*, 2007 WL 200952, at *3.  The court summarily dismissed the claims on collateral estoppel because "the issue of whether the decisions were correct and the orders valid and proper has already been fully litigated in the Michigan state courts." *Id.* at *6.  Like in *Yee*, collateral estoppel bars Plaintiffs' claims against the Meadowlark Defendants, and they should be dismissed with prejudice.

### C.   The Majority of Plaintiff's Claims Against the Meadowlark Defendants are Barred By the Statute of Limitations.

Plaintiffs' claims for constitutional violations, civil conspiracy, and slander of title are barred by the applicable statute of limitations.

There is no statute of limitations contained in 42 U.S.C. § 1983, and therefore, the applicable statute of limitations is based on the forum personal injury limitations period. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *McCune v. City of Grand Rapids*, 842 F.2d, 903, 905 (6th Cir. 1988). In Michigan, the statute of limitations for general torts is three years. MCL 600.5805(2); *McCune*, 842 F.2d at 905. Therefore, the statute limitations for Section 1983 claims is three years. *Yee*, 2007 WL 200952, at *7. The statute of limitations begins to run when

the plaintiff knows or should have known of the injury of which she complains. *Trzebuckowski*, 319 F.3d at 856.

The statute of limitations for slander of title is one year. *Bonner v. Chi. Title Ins. Co.,* 194 Mich. App. 462, 471 (1992). The statute of limitations for civil conspiracy is three years. *Yee*, 2007 WL 200952, at *7.

### 1. Plaintiffs' Count II for Constitutional Violations Against the Meadowlark Defendants is Untimely.

In Count II, Evans alleges the Meadowlark Defendants conspired with Ann Arbor in violation of 42 U.S.C. § 1983 when they purchased the permit to perform insulation work at Evans' property.  ECF No. 1, PageID.61, at ¶ 130. Plaintiffs do not identify which permit is part of the conspiracy claim, but the relevant permits were issued on December 11, 2015 and December 17, 2015.  EFC No. 1-1, PageID.179-183.

Therefore, the statute of limitations on this claim ran at the latest on December 17, 2018 – over two years before Plaintiffs filed their claims.  Count II is barred as untimely and should be dismissed with prejudice.

### 2. Plaintiffs' Count IV for Constitutional Violations Against Meadowlark and Selby is Untimely.

In Count IV, Evans claims that Meadowlark, Selby, and the H&H Defendants engaged in a civil conspiracy in violation of 42 U.S.C. § 1983 allegedly arising out of the obtaining of a judgment through fraud and suborning perjury. ECF No. 1,

PageID.65, at ¶ 144. The judgment was obtained on October 30, 2017. ECF No. 1, PageID.37, at ¶ 89. The allegedly suborned perjury occurred at the trial in the underlying state case on October 2, 2017. ECF No. 1, PageID.28, at ¶ 82. Plaintiffs appealed the judgment on December 14, 2017. ECF No. 1, PageID.38, at ¶ 90. This action was filed on March 15, 2021.

The claims of perjury and fraud were known to Plaintiffs when the judgment was entered and no later than when Plaintiffs filed an appeal on December 14, 2017. Therefore, the latest Plaintiffs could properly file their constitutional claims is December 14, 2020. Plaintiffs failed to do so, and these claims are now barred. Count IV is untimely and must be dismissed with prejudice.

### 3. Plaintiff's Count VII for Civil Conspiracy Against Meadowlark, Selby, and Brandon is Untimely.

Evans' claim for civil conspiracy is based on conduct allegedly taken during or before the trial in Washtenaw County Circuit Court. ECF No. 1, PageID.69–70, ¶ 160. The trial was held on October 2, 2017 and judgment entered on October 27, 2017. The statute of limitations for civil conspiracy is three years. *Yee*, 2007 WL 200952, at *7. Therefore, the statute of limitations on Plaintiffs' civil conspiracy claim ran no later than October 27, 2020. This is five months before Plaintiffs filed this suit. Count VII for civil conspiracy is untimely and must be dismissed with prejudice.

### 4.      Plaintiffs' Count XI for Slander of Title Against Meadowlark, Selby, and Brandon is Untimely.

Evans contends that Meadowlark, Selby, and Brandon slandered Evan's title. ECF No. 1, PageID.72, ¶¶ 169–171. The lien that allegedly slanders Evans' title was placed on the property on or about March 21, 2016. ECF No. 1, at PageID.17–18, ¶¶ 63–64; ECF 1-1, PageID.351-360.   Therefore, the statute of limitations on this claim ran March 21, 2017.  Evans' claim was brought in March 2021. Because it is untimely, Count XI must be dismissed with prejudice.

### D.      Counts II and IV Fail to State a Claim for Violation of 42 U.S.C. § 1983.

If the Court determines the *Rooker-Feldman* doctrine, collateral estoppel, or the statute of limitations does not bar Plaintiffs' Constitutional claims, they are so inadequately pleaded they should be dismissed with prejudice.

A defendant in a 42 U.S.C. § 1983 action must have exercised power under the authority of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). A private citizen must have conspired with or acted in concert with state actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). For a plaintiff to successfully allege a § 1983 action against a private individual, she must establish that: 1) a single plan existed, 2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and 3) an overt act was committed in furtherance of the

12

conspiracy that caused the injury. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).

Conspiracy must be pled with specificity, and vague and conclusory allegations unsupported by material facts are insufficient to state such a claim under § 1983. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) (quoting *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)).  "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

In Count II, Plaintiffs allege the Meadowlark Defendants conspired with the city of Ann Arbor and its employees in relation to the issuance of an unidentified permit. ECF No. 1, at PageID.61–62, ¶¶ 128–135. Yet, Plaintiffs fail to allege a single plan, a shared objective, or an overt act by any of the Meadowlark Defendants. Plaintiffs do not specify what any of the Meadowlark Defendants allegedly did in furtherance of the unidentified conspiracy.  Plaintiffs have completely failed to plead facts sufficient to support their claims in Count II.

In Count IV, Plaintiffs allege a conspiracy between the Washtenaw County Circuit Court, certain Meadowlark Defendants, and the H&H Defendants in relation to alleged perjury at the trial in the underlying state court matter. ECF No. 1, at PageID.65–66, at ¶¶ 140–146. Again, Plaintiffs fail to allege a single plan, a shared

objective, or an over act by any of the Meadowlark Defendants. Plaintiffs have completely failed to plead facts sufficient to support their claims in Count IV.

Counts II and IV are meritless and should be dismissed with prejudice.

### E. Plaintiffs Fail to State a Claim Over the Non-Time Barred Claims if the Court Exercises Supplemental Jurisdiction Over Them.

Plaintiffs' remaining state law claims should also be dismissed with prejudice for failure to state a claim. In each instance, as described below, Plaintiffs affirmatively plead themselves out of a cause of action making any attempt at repleading futile.

#### 1. Counts VI and XI for Fraud Against the Meadowlark Defendants are not Actionable.

Evans' Counts VI and XI for common law fraud against the Meadowlark Defendants is meritless and should be dismissed with prejudice. Evans claims the Meadowlark Defendants committed fraud when they asserted the contracted for work was completed when it was not thereby inducing Evans to continue to allow them to perform work which resulted in the need to hire a new contractor (ECF No. 1, PageID.68, ¶ 157) and when they made other representations (ECF No. 1, PageID.74, ¶ 177). Plaintiffs' claims for fraud lack the requisite specificity and are nothing more than a recasting of the breach of contract claims decided in Washtenaw County Circuit Court. It should be dismissed with prejudice.

### (a) Plaintiffs fail to plead fraud with the necessary specificity.

First, Plaintiffs fail to state which of the Defendants to Count VI and Count XI actually made the alleged statements to Evan, when the statements were made, or how or why the statements were false or misleading. Without this information, Plaintiffs fail to plead fraud with the specificity required under Rule 9 of the Federal Rules of Civil Procedure.

"[A] party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must identify each statement that the plaintiff alleges amounts to a misrepresentation by identifying the speaker, the statement, when and where it was made, and explain why the statement was false or misleading. *Frank v. Dana Corp.,* 547 F.3d 564, 569–70 (6th Cir. 2008); *JAC Holding Enter., Inc. v. Atrium Cap. Partners, LLC*, 997 F. Supp. 2d 710, 726 (E.D. Mich. 2014).

In this case, Evans does not state who made the statements. She further fails to explain how or why the statements caused any purported damages. By way of example, logically, if Meadowlark's work was not complete, the Meadowlark Defendants would have completed it pursuant to their obligations under the contract. There is no plausible causal connection between the alleged false statements and the alleged harm. Evans fails to plead her fraud claim with the requisite specificity and it should be dismissed with prejudice.

**(b)** **Plaintiffs' fraud claim fails under the economic loss doctrine.**

Second, even if Plaintiffs were to attempt to amend their generic "fraud" claims to allege more specific facts in accordance with the requirements of Rule 9(b), tort claims (including for "fraud" and civil conspiracy) are barred under the economic loss doctrine.

The economic loss doctrine prevents a party from bringing a tort claim arising from the mere failure to perform a contractual obligation. *Randall S. Miller & Assocs., P.C. v. Pitney Bowes Inc.*, No. 14-14447, 2016 WL 1242356, at *3 (E.D. Mich. Mar. 30, 2016). Michigan law "holds that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Bailey Farms Inc. v. NOR–AM Chem. Co.,* 27 F.3d 188, 191 (6th Cir. 1994). Where the allegations in a fraud claim would not arise without the existence of a contract between the parties, such allegations cannot be maintained. *Merchants Pub. Co. v. Maruka Mach. Corp. of Am.,* 800 F. Supp 1490, 1493 (W.D. Mich. 1992). The economic loss doctrine applies to non-UCC services agreements like the contract at issue in the underlying state court litigation. *See, e.g., City of Birmingham Employees' Ret. Sys. v. Comerica, Inc.,* No. 09-13201, 2012 WL 13002132, at *1 (E.D. Mich. Aug. 28, 2012); *I-Fusion Technology, Inc. v. TRW Automotive U.S., L.L.C.,* No. 306466, 2012 WL 6604701, at *3 (Mich. Ct. App. Dec. 18, 2012); *Mid America Solutions, LLC v. Merchant Solutions International, Inc.,* No. 15-563, 2016 WL 96178, at *4 (W.D. Mich. Jan.

8, 2016); *Randall S. Miller & Assocs., P.C. v. Pitney Bowes Inc.,* No. 14-14447, 2016 WL 1242356, at *6 (E.D. Mich. Mar. 30, 2016).

Plaintiff's fraud claim against the Meadowlark Defendants is based on the alleged claim that Meadowlark stated the work under the contract was completed when it was allegedly not and that the Meadowlark Defendants made other statements to Evans. The alleged harm arises from Evans' contract with Meadowlark and whether Meadowlark performed. Because Plaintiffs seek recovery in tort for alleged harms resulting from Meadowlark's failure to perform the contract between Meadowlark and Evans, any economic losses are associated with the written contract and do not arise from independent duties. Therefore, fraud claims are barred by the economic loss doctrine.

For these reasons, Counts VI and XI fail to state a claim and must be dismissed with prejudice.

### 2. Plaintiffs' Count VIII for Statutory Conversion Against Meadowlark, Selby, and Brandon is Not Actionable.

Evans' claim for statutory conversion under MCL § 600.2919a is based on Evans' alleged wrongful payment of the judgment entered against her. This cannot support a claim for conversion.

To succeed on a claim for conversion under MCL § 600.2919a, Plaintiffs must establish that Meadowlark, Selby, or Brandon wrongfully exerted control over Plaintiffs' property inconsistent with Plaintiffs' rights. *Llewellyn-Jones v. Metro*

*Property Grp., LLC*, 22 F. Supp. 3d 788, 795 (E.D. Mich. 2014); *Sudden Serv. Inc. v. Brockman Forklifts, Inc.*, 647 F. Supp. 2d 811, 815–16 (E.D. Mich. 2008). Conversion is only applicable in relation to money owed when the money is the property of one party but held by another party (*e.g.,* bank accounts, trusts, etc.) which is then wrongfully not returned. *Id.*

Evans' claim for statutory conversion fails because there is no allegation of wrongful conduct or unlawful control of Evans' property. Evans voluntarily paid the judgment entered in the Washtenaw County Circuit Court against Evans. The judgment was subsequently upheld on appeal. Evans did not voluntarily entrust money to any Defendant, who then misused the money. Any money paid to any Defendant was in satisfaction of a judgment. There is nothing wrongful about this conduct. *See Krueger v. City of Eastpointe*, 452 F. Supp. 3d 679, 697 (E.D. Mich. 2020) (no wrongful conduct when transfer of property was performed pursuant to legal process).

Evans does not state a claim for statutory conversion and Count VIII must be dismissed with prejudice.

### 3. Plaintiffs' Count X for Intentional Infliction of Emotional Distress Against Meadowlark, Selby, and Brandon is Not Actionable.

Plaintiffs contend that Meadowlark, Selby, and Brandon intentionally inflicted emotional distress on Plaintiffs via – specific acts: i) committing fraud and

perjury during the state court trial, ii) deliberately impeding efforts to pay off Meadowlark's construction lien the day before a foreclosure sale, iii) refusing to give a receipt for payment of the judgment, and iv) threatening a defamation lawsuit. ECF No. 1, at PageID.73, ¶ 173.

As an initial matter, the claim cannot be based on any alleged fraud or alleged perjury at the trial in Washtenaw County Circuit Court. The trial took place on October 2, 2017. ECF No. 1, PageID.28, ¶ 82. The statute of limitations for claims of intentional infliction of emotion distress is three years. *Lemmerman v. Fealk*, 449 Mich. 56, 64 (1995); *Yee*, 2007 WL 200952, at *7. Therefore, any claim for the intentional infliction of emotional distress based on conduct at the trial needed to be brought by October 2, 2020. Plaintiffs did not file their Complaint within the appropriate time period to sustain their claim on any acts that took place at trial.

The other three acts pleaded by Plaintiffs fail to establish a claim for intentional infliction of emotion distress as a matter of law. A claim of intentional infliction of emotional distress requires a plaintiff to establish four elements: i) extreme and outrageous conduct, ii) intent or recklessness, iii) causation, and iv) severe emotional distress." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985). Conduct is extreme and outrageous only when goes beyond all possible bounds of decency and is utterly intolerable in a civilized community. *Id.* at 603; *Lewis v. LeGrow*, 258 Mich. App. 175, 196 (2003). To be actionable, severe

emotional distress must be such that no reasonable person could be expected to bear it. *Roberts*, 422 Mich. at 608–09. "[F]right, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea" are not sufficient. *Id.* at 608. To establish intent, a plaintiff must show that a defendant specifically intended to cause emotional distress or that defendant's conduct was so reckless that any reasonable person would know emotional distress would result. *Lewis*, 258 Mich. App. at 198. Intent to commit a wrong is not sufficient, it must be intent to cause emotional distress. *Llewellyn-Jones*, 22 F. Supp. 3d at 795.

Plaintiffs fail to establish at least elements one and two of their claim for the intentional infliction of emotional distress. First, the conduct complained of by Plaintiffs is not that which goes beyond all possible bounds of decency and is utterly intolerable in a civilized community. Plaintiffs contend deliberately impeding efforts to pay off Meadowlark's construction lien the day before a foreclosure sale, refusing to give a receipt for payment of the judgment, and threatening a defamation lawsuit meet this extremely high standard. ECF No. 1, at PageID.73, ¶ 173. Yet, there is no dispute that Meadowlark accepted the payment of the judgment and the foreclosure sale did not move forward. It is not possible as a matter of law for the allegations regarding the payment of the judgment by Evans to be extreme and outrageous. Additionally, the letter sent to Plaintiffs by Howard and Howard cannot be extreme and outrageous conduct. As detailed in the draft complaint sent with the letter,

Plaintiffs engaged in pattern and practice of defamatory conduct that the Howard & Howard Defendants sought to stop. ECF No. 1-1, PageID.663-687. Moreover, the letter stated no lawsuit would be filed if Plaintiffs agreed to a non-disparagement agreement and retraction. This conduct is not wrongful, let alone extreme and outrageous.

Second, there are no allegations that any Defendant took any of the three complained of timely acts with the intention of inflicting distress on Plaintiffs. Without this, Plaintiffs' claim fails. *See Garback v. Lossing*, 2010 WL 3733972, at *8 (E.D. Mich. Sept. 20, 2010).

Plaintiffs cannot maintain Court X for intentional infliction of emotional distress and it must be dismissed with prejudice.

### F.    The Court Lacks Jurisdiction Over Plaintiffs' Remaining State Claims Because the Federal Claims are Time Barred and There is No Diversity Between the Parties.

Finally, if the Court does not dismiss Plaintiffs' state law claims for untimeliness and failure to state claim, it still should dismiss Plaintiffs' them for lack of jurisdiction.

Plaintiffs' state law claims are pendant claims anchored by their federal constitutional claims. As noted above and assuming the Court does not dismiss the entire Complaint because of the *Rooker-Feldman* doctrine or collateral estoppel, Plaintiffs do not have viable federal claims against the Meadowlark Defendants

21

because they are time barred. Because there are no federal claims to anchor subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction and dismiss the state law claims.

When supporting federal claims are dismissed prior to trial, the decision to retain jurisdiction over any state-law claims is left to the district court's discretion. *Stevens v. Saint Elizabeth Med. Ctr., Inc.*, 533 F. App'x 624, 633 (6th Cir. 2013). 'A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues.' *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). Generally, district courts should dismiss the remaining state law claims. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

In this case, if the state law claims are not dismissed on the merits, there is no reason for this Court to exercise supplemental jurisdiction over the frivolous supplemental state law claims. The parties are not diverse and there is compelling need for the Court to exercise jurisdiction over garden variety state law causes of action that do not implicate federal questions. There is no chance of multiplicity of proceedings by exercising supplemental jurisdiction. The Washtenaw County Circuit Court is already aware of Plaintiffs and their claims and can appropriately and fairly determine the rights of the parties.

## III.   CONCLUSION

For the foregoing reasons, the Meadowlark Defendants respectfully request that this Court dismiss Plaintiffs' Counts II, IV, VI, VII, VIII, IX, X, XI, XII, and XIII with prejudice, award the Meadowlark Defendants their attorneys' fees and costs in defending this frivolous and vexatious lawsuit, and for any other relief deemed just and fair.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By:   */s/ Mark C. Vanneste*
           Mark C. Vanneste (P73001)
           Joseph W. Barber (P82728)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
(248) 723-0456 – direct / (248) 645-1568 – fax
Email: mv@h2law.com; jwb@h2law.com

*Attorneys for the Meadowlark Defendants*

Dated: May 28, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2021, I electronically filed the foregoing

with the Clerk of the Court using the ECF system, which will send notification of

such filing to those registered persons/members of the Court's e-filing service

system who are participants in these proceedings via electronic notice of this filing.

*/s/ Mark C. Vanneste*
Mark C. Vanneste (P73001)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
(248) 723-0456 – direct /
(248) 645-1568 – fax
Email: mv@h2law.com

*Attorneys for the Meadowlark Defendants*

4831-8272-1516, v. 1

24