# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EMILY EVANS and MELANIE WELCH,

    Plaintiffs,

vs.

THE CITY OF ANN ARBOR, JAMES WORTHINGTON, in his official and individual capacities, CRAIG STRONG, in his official and individual capacities, MEADOWLARK BUILDERS LLC, DOUGLAS SELBY, KIRK BRANDON, DAVE ANDERSON, HARRY RAMSDEN, TINA ROPERTI, MICHIGAN QUALITY ELECTRIC, DEREK TUCK, DAVID GILES, ROB MCCRUM, ARBOR INSULATION, MEADOWLARK ENERGY, ROBERT PATTERSON, MATTHEW KRICHBAUM, in his official and individual capacities, PROPERTY MANAGEMENT SPECIALISTS, INC., HOWARD AND HOWARD ATTORNEYS, PLLC, BRANDON J. WILSON, ESQ., JUDGE TIMOTHY CONNORS, in his official capacity only, and HON. CAROL KUHNKE, Chief Judge of the Washtenaw County Circuit Court in her official capacity only,

    Defendants, Jointly and Severally,

Case No. 21-cv-10575

Hon. Robert H. Cleland

Mag. R. Steven Whalen

**DEFENDANTS THE HONORABLE TIMOTHY P. CONNORS AND THE HONORABLE CAROL KUHNKE'S REPLY BRIEF IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST THEM UNDER FRCP 12(B)(1) AND FRCP 12(B)(6)**

I.      *Rooker-Feldman* Bars Plaintiffs' Claims Against the Circuit Court Judges.[1]

Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine because the Circuit Court's decisions are the source of Plaintiffs' alleged injuries. Despite Plaintiffs' attempt to recast these claims as "independent" of the underlying Circuit Court Judgment, Plaintiffs' allegations against the Circuit Court in Counts III and IV are predicated on their disagreement with the Circuit Court's decisions in the state court case, and attempt to redress purported injuries those decisions have caused. This Court lacks jurisdiction to sit in direct review of these claims.

Plaintiffs' Response focuses on Count IV – a claim for "Civil Conspiracy Between the Trial Court, Meadowlark, Selby, Wilson, and Howard & Howard in Violation of 42 U.S.C. §1983," in which the only reference to the "Trial Court" is in the caption and the only actions purportedly underlying this "conspiracy" are ascribed to other defendants. (ECF No. 1, PageID.65 ¶¶ 140-146.)[2] Plaintiffs further

---

[1] *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiffs improperly filed a First Amended Complaint (ECF No. 57) on June 18, 2021, without seeking leave to amend. Plaintiffs' FAC is untimely and inoperative under Fed. R. Civ. P. 15(a)(1)(B) because it was filed over twenty-one days after the Circuit Court Judges served their Motion to Dismiss (ECF No. 28, dated May 17, 2021.) *See* Rule 15; ECF No. 60, PageID.6160-61. Regardless, Plaintiffs' amended claims fail as a matter of law for the same reasons already set forth in the Circuit Court Judges' Motion.

[2] *Rooker-Feldman* bars Count III because this claim alleges purported constitutional violations stemming from Judge Connors' decision to proceed with the scheduled trial despite Evans' and her counsel's failure to appear. (ECF No. 28, PageID.1403-1408.) The Michigan Court of Appeals reviewed and upheld this decision, and the Michigan Supreme Court denied leave to appeal. (ECF No. 1-1, PageID.573-74;

contend that "[b]ecause the Judgment was obtained by committing fraud on the court and the subornation of perjury, the Judgment should be declared null and void *ab initio*." (ECF No. 1, PageID.65, ¶144.)

Plaintiffs argue that because their claims in this lawsuit allege that Defendants including Judge Connors conspired to commit "fraud on the court," which in turn "procured" the Circuit Court Judgment, Plaintiffs are not challenging the Circuit Court's decisions themselves but, rather, are lodging an independent claim outside the scope of *Rooker-Feldman*. Plaintiffs are incorrect. Simply repackaging a claim collaterally attacking a state court judgment as "independent" from the judgment is not enough to survive *Rooker-Feldman*'s jurisdictional bar.[3] In *Yee v. Michigan*

---

ECF No. 28-3, PageID.1427.) Thus, Count III improperly invites this Court to review and reject the Circuit Court's judgment. Plaintiffs' claim that the Circuit Court Judges "ignored" their "independent fraud" theory or Count IV is incorrect. The Circuit Court Judges addressed this theory, and Count IV, in their opening brief (ECF No. 28, PageID.1398, 1400, 1406-07, 1411-12) but focused primarily on Count III because Count III contains the only specific allegations in the Complaint against the Circuit Court Judges and Count IV fails to survive even the barest notice pleading standard under Rule 12 as to Judge Connors. Nevertheless, the gravamen of Count IV – according to Plaintiffs – is that Selby and Wilson conspired to "defraud" the Court by proceeding to trial on the contract between Evans and Meadowlark despite the existence of an administrative Consent Order (the "Consent Order") citing Meadowlark's violations of the Michigan Occupational Code. (ECF No. 1-1, PageID.447-50.) Selby's testimony that the Meadowlark contract was valid, according to Plaintiffs, was therefore "perjury," which Selby's attorney Wilson "suborned." (*See* ECF No. 40, PageID.1802-07.) Plaintiffs fail to explain how Judge Connors could have participated in a conspiracy to defraud <u>himself</u> (i.e., the "trial court" referenced in the caption).

[3] *McCormick*, *supra*, does not support Plaintiff's claims against the Circuit Court Judges. First, *McCormick* did not hold that the plaintiffs' claims against the

*Supreme Ct.,* No. 06-CV-15142-DT, 2007 WL 200952, at *1 (E.D. Mich. Jan. 23, 2007), for example, the plaintiff brought a federal lawsuit against many defendants, including judges and attorneys involved in his unsuccessful state court lawsuit. The plaintiff's state court claims were dismissed at the trial court, that decision was affirmed by the Court of Appeals, and the Michigan Supreme Court denied leave to appeal. *Yee*, 2007 WL 200952, at *1. The federal court held that the plaintiff's claims that the attorney defendants "conspired with [the circuit court judge] to make

---

Michigan Supreme Court Justices survived *Rooker-Feldman* analysis; those claims failed under 12(b)(6) for failure to allege any action on the part of the Justices (a holding which would apply equally to Plaintiffs' Count IV against Judge Connors here). 451 F.3d at 398. Regardless, the central holding of *McCormick* is that *Rooker-Feldman* bars federal claims alleging injuries caused by state court decisions. *Id*. at 393-95. All of Plaintiffs' claims against Judge Connors allege wrongdoing in his official capacity during the Circuit Court proceedings; nowhere do Plaintiffs suggest that their claims against Judge Connors stem from any extra-judicial conduct. Thus, even assuming Plaintiffs had alleged a cognizable claim for "conspiracy to commit fraud on the Court" against Judge Connors (which they have not), Judge Connors' purportedly improper conduct was his decision to permit Selby's allegedly "perjured" testimony to taint the state court trial. At most, this would be a claim of intrinsic fraud against the Circuit Court itself based on action that occurred within the Circuit Court proceedings. *See Sprague v. Buhagiar*, 213 Mich. App. 310, 314 (1995)("intrinsic fraud . . . is a fraud within the cause of action itself. An example of intrinsic fraud would be perjury.") In Michigan, a party "may not bring an independent action to seek relief from a judgment induced by intrinsic fraud because MCR 2.612(C), which is nearly identical to Fed. R. Civ. P. 60(b), provides an effective avenue for vitiating such fraud." *Bachi-Reffitt v. Reffitt*, No. 1:17-CV-263, 2017 WL 5998112, at *6 (W.D. Mich. Dec. 4, 2017). Plaintiffs may not avoid this rule "simply by adorning intrinsic fraud allegations in the garb of a [federal] claim and seeking relief in federal court." *Reffitt*, 2017 WL 5998112, at *6.

her rulings thereby depriving [the plaintiff] of his due process, equal protection, and property rights" were barred by *Rooker-Feldman*:

> It is only where the plaintiff's complaint stands independent of the state court judgment that *Rooker-Feldman* will not apply. . . <u>merely phrasing a complaint as seeking redress for an injury caused by the *defendants' actions* (as opposed to injury caused by a state court decision) is not enough</u>.

*Id*. at *5 (emphasis added)(internal citations omitted). The federal court held that it lacked jurisdiction under *Rooker-Feldman* because adjudicating the plaintiff's claims "necessarily would require this Court to review [the state court judge's] various decisions and find that she wrongly decided [the plaintiff's case]." *Id*. Likewise, here, a ruling that Judge Connors "conspired" with other defendants to commit a fraud on the Court by proceeding to trial on a purportedly void construction contract – as Plaintiffs claim – would require this Court to review Judge Connors' and the Court of Appeals' decisions regarding the underlying construction contract and the relevance, if any, of the Consent Order to the contract's enforcement. It would also invite this Court to invalidate the Circuit Court's rulings – i.e., to declare that the Judgment is void "*ab initio*." Under *Rooker-Feldman*, the Court may not do this. *Yee*, 2007 WL 200952, at *1.

Courts in this circuit have similarly dismissed purportedly "independent" federal constitutional claims brought by state-court losers where – as here – the plaintiff claims that the federal claim survives *Rooker-Feldman* based on allegations

4

that the state court's decisions were obtained by a fraud on the court. In *Iannucci v. State of Michigan*, No. 16-CV-10255, 2016 WL 4089215, at *1–5 (E.D. Mich. Aug. 2, 2016), the plaintiff sought relief from orders entered in his state court proceedings, arguing that "the *Rooker-Feldman* doctrine does not apply because he has alleged that the state-court judgments were obtained by fraud and that his alleged injuries were caused by the Defendants' misconduct, not by the judgments themselves." The plaintiff relied on *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1985), in which the Sixth Circuit cited an exception to *Rooker-Feldman* under which a federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud." Nonetheless, this Court still held that the plaintiff's claims were barred by *Rooker-Feldman*: "<u>[s]imply put, under the most recent on-point holdings of the Supreme Court and Sixth Circuit, a plaintiff may not avoid application of the *Rooker-Feldman* doctrine merely by alleging that the state-court judgment under attack was procured by fraud</u>." *Iannucci*, 2016 WL 4089215, at *4 (emphasis added).[4] Plaintiffs cannot escape dismissal under *Rooker-Feldman*

---

[4] The Court noted that "there is reason to question the continuing validity" of the *Sun Valley* fraud exception after the Supreme Court clarified the scope of *Rooker-Feldman* in *Exxon*, *supra*, and the Sixth Circuit "ma[de] clear that the sole inquiry . . . is the source of the injury plaintiff alleges in the federal complaint." *Iannucci*, 2016 WL 4089215, at *4. Thus, "if the source of the injury is the state court decision," then *Rooker-Feldman* prevents jurisdiction, and [w]hether a state-court judgment was improperly obtained is no longer a factor." *Id*. (citations omitted). "Permitting a plaintiff to avoid the *Rooker-Feldman* doctrine by alleging that the judgment under attack was obtained through fraud would – in contravention of the

simply by sprinkling the terms "conspiracy" and "fraud" throughout their Complaint.[5]

II. Collateral Estoppel Bars Plaintiffs' Claims Against the Circuit Court Judges.

Plaintiffs' allegations against the Circuit Court Judges are barred by collateral estoppel because facts essential to these claims were litigated to final judgment, and because Plaintiffs had a full and fair opportunity to litigate these claims below.[6] That is true whether Plaintiffs characterize their claims against the Circuit Court Judges as arising from Judge Connors' decision to proceed with the scheduled trial (in Count III) or from Judge Connors' supposed conspiracy to commit "fraud on the Court" by allowing Meadowlark to advance claims for breach of contract in the face a Consent Order that purportedly "voids" the contract. (Count IV).[7] As discussed in Howard & Howard and Wilson's Motion to Dismiss, Plaintiffs raised the Consent

---

more recent *Rooker-Feldman* precedent . . . allow a plaintiff to pursue a claim in federal court even if the claim sought to redress an injury caused by a state-court judgment." *Id.*

[5] *See also Chaplin v. Anderson*, No. 18-12108, 2019 WL 1219412, at *4–5 (E.D. Mich. Mar. 15, 2019)(claims against state court judge barred under *Rooker-Feldman* despite alleged "fraud" exception; "Plaintiff cannot save his claims by trying to frame them as a procedural challenge."); *Belock v. Burt*, 19 Fed.Appx. 323, 325 (6th Cir. 2001) (*Rooker-Feldman* barred claim that state-court order was procured through fraud where "gist" of suit was plaintiff's unhappiness with state court result).

[6] *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 845-46 (2004). Plaintiffs concede that mutuality of estoppel is not required. (ECF No. 60, PageID. 1820.)

[7] *See* ECF No. 28, PageID.1409-12; Court of Appeals Op., ECF No. 1-1, PageID.572-75.)

Order issue numerous times before the Circuit Court and the Court of Appeals. (ECF No. 34, PageID.1476-77; 1487-91). The relevance of the Consent Order to Meadowlark's breach of contract claims was the subject of a motion *in limine* that Judge Connors granted; the Court of Appeals affirmed that decision; and the Supreme Court denied leave to appeal.[8]  Plaintiffs had every opportunity in state court to raise questions of fact that are central to their claims here.  They repeatedly raised these issues, and the state courts still issued valid final judgments rejecting Plaintiffs' claims.[9] Counts III and IV should be dismissed with prejudice.[10]

Respectfully submitted,
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Caroline B. Giordano*
    Sonal Hope Mithani (P51984)
    Caroline B. Giordano (P76658)
    *Attorneys for the Circuit Court Judges*
    101 North Main, Seventh Floor
    Ann Arbor, MI  48104
    (734) 668-7732

Dated: June 21, 2021

---

[8] *See* ECF No. 34-2, PageID.1510-11; ECF No. 34-3, PageID.1562; ECF No. 1-1, PageID.573-74; ECF No. 28-4.

[9] *See McCormick*, 451 F.3d at 398 (all plaintiffs' claims that were not barred by *Rooker-Feldman* were barred by collateral estoppel where "factual predicate" of claims was litigated and finally determined in state court proceedings).

[10] In consideration of the page limit set forth in E.D. Mich. L.R. 7.1(d)(3)(B), the Circuit Court Judges rely on their argument that Plaintiffs lack standing as set forth in their Motion to Dismiss. (ECF No. 28, PageID.1398-1403).

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF filers of record.

By: */s/ Caroline B. Giordano*
Caroline B. Giordano (P76658)

37768892.4/094579.00014