# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

Emily Evans, et al.,

    Plaintiffs,

v.

The City of Ann Arbor, *et al.*,

    Defendants.

Case No. 21-10575-RHC-APP
Hon. Robert H. Cleland
Mag. Judge R. Steven Whalen

_____

# DEFENDANT KRICHBAUM'S REPLY IN SUPPORT OF HIS FRCP 12 (b) (1) AND 12 (b) (6) MOTION

03441625 v1

### A. The *Barton* Doctrine requires the dismissal of plaintiffs' claims against Krichbaum.

Plaintiffs' response to Krichbaum's *Barton* Doctrine defense is entirely hollow. *Barton* applies here, and the continued pursuit of claims against Krichbaum in this forum cannot be squared with counsel's Rule 11 obligations.

Plaintiffs open their argument by announcing that, "[i]n the case of a court-appointed receiver, there is no requirement that the party seeking relief in federal court must first obtain the permission of the state court which appointed the receiver." ECF No. 42, PageID.2036, Plaintiffs' Response Brief. But that of course is exactly what the *Barton* Doctrine requires.

Plaintiffs then declare that the *Barton* does not apply because their lawsuit was filed pursuant to 42 U.S.C. §1983. Yet plaintiffs fail to cite a single case that holds the *Barton* Doctrine inapplicable where a Section 1983 claim is alleged. In fact, there are numerous cases in which plaintiffs have alleged a Section 1983 claim and *Barton* is applied. *See e.g., Lawrence v. Goldberg*, 573 F.3d 1265, 1268 (11th Cir. 2009) (applying *Barton* where plaintiff alleged a bankruptcy trustee infringed his constitutional rights under Section 1983 by, *inter alia,* the violation of federal wiretapping laws); *Cox v. Mariposa County*, 2020 WL 1689706, at *3 (E.D. Cal. 2020) (applying *Barton* as to a claim against a state court receiver alleged to have violated plaintiff's Section 1983 rights); *Satterfield v. Malloy*, 2011 WL 2293940, at *2 (N.D. 2011), aff'd 700 F.3d 1231, 1234 (10th Cir. 2012) (applying *Barton* as to

a claim against a Chapter 11 trustee alleging 42 U.S.C. §1985 (2) and *Bivens* claims); *Estate of Jackson ex rel. Jackson-Platts v. Sandnes*, 995 F.Supp.2d 1350, 1353 (M.D. Fla. 2014) (noting that the court had dismissed plaintiff's Section 1983 claims against a state court receiver under *Barton*).

Plaintiffs cite two cases in support of their contention that the *Barton* Doctrine does not apply where the plaintiff pleads a Section 1983 claim. *See* ECF No. 42, PageID.2036, Plaintiffs' Response Brief. However, the *Barton* Doctrine is not mentioned in either of them.

Finally, plaintiffs argue that *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881) (the case from where the *Barton* Doctrine takes its name) and the other *Barton* Doctrine cases cited by Krichbaum are distinct because no Section 1983 claim was made. However, as the above discussion demonstrates, that is a "distinction" without a difference.

### B. *Rooker-Feldman* bars plaintiffs' constitutional claim against Krichbaum.

Count 5 purports to allege constitutional torts against Krichbaum. In it, plaintiffs directly attack the state court judgment itself. Thus, plaintiffs allege:

> 158. Since the Judgment upon which the creation of the receivership [is based] was obtained by fraud on the court and the subornation of perjury, and is therefore null and void, the receivership should be dissolved.

> 159. Since the receivership should never have been created, any fees which Krichbaum claims he is owed for his services as receiver are null and voice. . . .

ECF No. 1, PageID.65, Complaint. For relief, plaintiffs pray for "entry of an injunction dissolving the receivership and cancelling all fees" claimed by Krichbaum. *Id.*

On their face, these allegations readily reflect that Evans, with respect to Count 5, is one of the "state-court losers complaining of injuries caused by state-court judgments" whose claims are barred by *Rooker-Feldman*. *See Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 281 (2005).

However, plaintiffs argue that *Rooker-Feldman* does not apply here because Evans has alleged that the judgment against her was procured by fraud and perjury. Plaintiffs base their argument on the Supreme Court's holding in *Exxon Mobil* that *Rooker-Feldman* does not extend to a case in which a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reach in a case to which he was a party . . . ." *Id.* at 293 (citations omitted). Thus, plaintiffs contend, their "procured by fraud" allegation presents exactly the type of "independent claim" that *Exxon Mobil* contemplates. *Exxon, supra.* at 282.

As against Krichbaum, though, review of relevant case law proves plaintiffs' argument to be unsustainable. In *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006), the Sixth Circuit, discussed the seemingly muddy distinction between "a

claim that attacks a state court judgment" as to which *Rooker-Feldman* applies and "an independent claim" as to which it does not. The Court stated:

> The question naturally arises as how to differentiate between a claim that attacks a state court judgment, which is within the scope of the *Rooker–Feldman* doctrine, and an independent claim, over which a district court may assert jurisdiction.

*Id.* at 393.

To give guidance, the Court formulated the "rule of thumb" that focused on the "source of the injury:"

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*Id.* at 393. Emphasis added.

The Court, however, noted that there are exceptions to this "rule of thumb." Relying on the Second Circuit's decision in *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87–88 (2d Cir. 2005), the Sixth Circuit stated:

> Of course, there are certain exceptions to this rule of thumb. For example, if a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself. *See [Hoblock], id* at 88 (finding that that the plaintiffs' challenge to a county board of elections' refusal to tally certain absentee ballots was in fact a challenge to the state court judgment that the ballots were invalid).

*McCormick, id.* at 394.

In *Kropek v. Sullivan,* 35 F.Supp.3d 880, 888 (E.D. Mich. 2014), the plaintiff alleged that his mortgage lender and various others violated his constitutional rights by foreclosing on his home and obtaining a judgment of possession. While the Court found Rooker-Feldman inapplicable, it analyzed the defense in the light of *McCormick* and *Hoblock.* In determining the source of plaintiff's alleged injuries, the Court looked to whether the defendants' alleged wrongful conduct **"led to"** the state court judgment of possession or **"stemmed from"** the judgment of possession. After also noting that the misconduct alleged by *Kropek* occurred prejudgment and did not take place "because of the state court judgment of possession," the Court held that the judgment was not the "source" of the alleged injuries and *Rooker-Feldman* did not bar the claim.[1]  *Kropek, id.* at 888-89.

Here, plaintiffs do not allege that Krichbaum fraudulently caused the judgment to enter against Evans. They also do not allege any conduct on the part of Krichbaum that **"led to"** the entry of the judgment or pre-dated judgment. Rather, plaintiffs challenge conduct that **"stemmed from"** and/or was **"the product of a state court judgment."** Thus, as against Krichbaum, the source of plaintiffs' alleged injuries is the state court judgment. Indeed, plaintiffs cannot obtain the relief

---

[1] The Court in *Kropek* approvingly quoted *Hoblock* for the proposition that "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Kropek, supra.* at 889.

they seek against Krichbaum – dissolution of the judgment and the cancellation of Krichbaum's fees – without the review and invalidation of the judgment.

In light of the above, *Rooker-Feldman* divests this Court of jurisdiction as to Count 5.[2]

### C. Plaintiffs' have failed to show that they adequately pled bad faith.

To overcome Krichbaum's quasi-judicial immunity defense, plaintiffs must plead bad faith and offer more than speculative and conclusory allegations. Plaintiffs, however, did not plead bad faith. Nonetheless, they claim that their allegations in complaint paragraphs 189 and 190 substantively allege bad faith. They are wrong. In paragraph 189, Evans merely alleges that Krichbaum breached his fiduciary duties because he, despite numerous requests, failed and refused to provide her with rental income information "in a coherent format." This is not an allegation of bad faith. As to paragraph 190, plaintiffs allege that Krichbaum breached his fiduciary duties by arranging to sell the Hatcher Home "for substantially less money than the house was worth, to a friend of defendant Selby's, so that he could recover his attorney fees." But plaintiffs' allegation that Krichbaum sought to sell the Hatcher Home for substantially less than it was worth is entirely

---

[2] Assuming that *Rooker-Feldman* does not apply to Count 14, the dismissal of Count 5 should result in the dismissal of Count 14. Absent federal jurisdiction over Count 5, the Court is either without jurisdiction over plaintiffs' Count 14 state law tort claims or, at best, has discretionary supplementary jurisdiction.

conclusory. Further, their offensive allegations that Krichbaum acted corruptly to benefit a friend of plaintiff's former contractor and to benefit himself are purely speculative. Plaintiffs have plead no facts that support them. And while Evans claims she provided supporting evidence for these allegations in her declaration, she did not. Indeed, she fails to offer a single fact that is probative of her bald assertions of self-dealing.

Hence, both Counts 5 and 14 can and should be dismissed based on Krichbaum's quasi-judicial immunity.

>Respectfully submitted,
>
>MADDIN, HAUSER, ROTH & HELLER, PC
>
>By: */S/ Steven M. Wolock (P38497)*
>Steven M. Wolock (P38497)
>Attorneys for Defendant Krichbaum
>28400 Northwestern Highway, 2ʳᵈ Floor
>Southfield, MI  48034
> (248) 354-4030
>swolock@maddinhauser.com

Dated:  June 21, 2021

CERTIFICATE OF SERVICE

     I hereby certify that on June 21, 2021, I caused to be electronically filed the above document(s) with the Clerk of the Court using the efiling system, which will send notification of such filing to all counsel of record.

                                        MADDIN, HAUSER ROTH & HELLER, P.C.
                                        */s/ Steven M. Wolock (P38497)*
                                        Steven M. Wolock (P38497)
                                        Attorneys for Defendant Krichbaum
                                        28400 Northwestern Highway, 2nd Floor
                                        Southfield, MI 48034
                                        (248) 354-4030
                                        swolock@maddinhauser.com

Dated: June 21, 2021