# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMILY EVANS and MELANIE WELCH, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF ANN ARBOR, JAMES WORTHINGTON, CRAIG STRONG, et al. <br><br> Defendants. | Case No. 21-10575 <br><br> Hon. Robert H. Cleland <br><br> Mag. R. Steve Whalen |

| | |
|---|---|
| Marc M. Susselman (P29481) <br> *Attorney for Plaintiffs* <br> 43834 Brandywyne Road <br> Canton, MI 48187 <br> Phone: (734) 416-5186 <br> marcsusselman@gmail.com <br><br> Steven M. Wolock (P38497) <br> Maddin Hauser Roth & Heller, PC <br> *Attorneys for Defendants Krichbaum* <br> 2840 Northwestern Highway, 2nd Floor <br> Southfield, MI 48034 <br> Phone: (248) 354-4030 <br> swolock@maddinhauser.com <br><br> Keefe A. Brooks (P31680) <br> Brooks Wilkins Sharkey & Turco PLLC <br> *Attorneys for Defendants Howard and Howard PLLC and Wilson* <br> 401 S. Old Woodward, Suite 400 <br> Birmingham, MI 48009 <br> Phone: (248) 971-1710 <br> brooks@bwst-law.com | Stephen K. Postema (P38871) <br> Timothy S. Wilhelm (P67675) <br> Jennifer A. Richards (P79962) <br> OFFICE OF THE CITY ATTORNEY <br> *Attorneys for Defendants City of Ann Arbor, Worthington, and Strong* <br> 301 E. Huron Street, 3rd Floor <br> Ann Arbor, MI 48107-8647 <br> Phone: (734) 794-6170 <br> spostema@a2gov.org <br> twilhelm@a2gov.org <br> jrichards@a2gov.org <br><br> Sonal H. Mithani (P51984) <br> Caroline B. Giordano (P76658) <br> Miller Canfield Paddock and Stone, PLC <br> *Attorneys for Defendants Judge Connors and Hon. Kuhnke* <br> 101 North Main Street, 7th Floor <br> Ann Arbor, MI 48104 <br> Phone: (734) 668-7786 <br> mithani@millercanfield.com <br> giordano@millercanfield.com |

**REPLY OF DEFENDANTS CITY OF ANN ARBOR, JAMES WORTHINGTON, AND CRAIG STRONG IN SUPPORT OF THEIR MOTION SEEKING DISMISSAL (ECF No. 27)**

## ARGUMENT IN REPLY

Plaintiffs' response to the City's motion to dismiss is conclusory and contrary to law. Nothing in it rebuts the City's arguments, and thus, the City's motion to dismiss should be granted.

**I. Plaintiffs' Claims Are Barred by a Three-Year Statute of Limitations.**

Plaintiffs erroneously assert that a six-year statute of limitations applies to their Fifth Amendment taking claim. In fact, Plaintiffs assert, for the first time, that their taking claim arises "directly" under the Fifth Amendment instead of through §1983. But nowhere in their complaint do Plaintiffs state that their alleged taking claim arises directly under the Fifth Amendment. (ECF No. 1, PageID.60, ¶ 125).

Notwithstanding this omission, Plaintiffs' attempt to persuade this Court that their taking claim is subject to a six-year statute of limitations is unavailing because courts have rejected claims arising directly under the Constitution because § 1983 is the exclusive procedural vehicle for asserting a constitutional violation. *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014); *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987)("The Supreme Court has never recognized a cause of action arising directly under the Constitution in a case where 1983 was available as a remedy").

Plaintiffs cite to *Azul Pacifico, Inc. v. City of Los Angeles*, 948 F.2d 575, 587 (9th Cir. 1991) for the proposition that a six-year statute of limitations applies to a

1

taking claim arising "directly" under the Fifth Amendment. But Plaintiffs' reliance on this case is misplaced and misrepresents the law. Not only did the Court not actually decide which statute of limitations applied in that case, the opinion was later withdrawn and the judgment vacated on rehearing by *Azul Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992) which held that "Plaintiff has no cause of action directly under the United States Constitution" and that "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." Thus, *Azul Pacific, Inc.* supports the City Defendants' position that Plaintiffs have no cause of action directly under the Fifth Amendment.

Accordingly, Plaintiffs' taking claim is asserted under § 1983 and is barred by the three-year statute of limitations under Michigan law. See *Grainger, Jr. v. County of Ottawa*, 2021 WL 790771 (W.D. Mich. March 2, 2021)(concluding that the three-year statute of limitations applied to all of the plaintiff's §1983 claims, including his Fifth Amendment taking claim, and rejected the plaintiff's invitation to the court to apply Michigan's six-year statute of limitations).

Plaintiffs also assert that their Fourteenth Amendment Due Process claim is not barred by Michigan's three-year statute of limitations because it was filed within three years of the denial of her administrative claim for compensation to the City in 2020. But Plaintiffs misrepresent both the date of accrual and when the statute of limitations began to run for this claim.

Contrary to their assertions, Plaintiffs' due process claim accrued, and the statute of limitations began to run, at the latest in 2016 when the inspection "pass" was issued and Plaintiffs allegedly discovered insulation had not been installed. ECF No. 1, PageID.11-12, ¶¶44-46). Indeed, the applicable limitations period begins to run when Plaintiffs knew or had reason to know of the injury *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) and for procedural due process claims, this is at the time that due process was denied. *Am Premier Underwriters, Inc v. Nat'l RR Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016)(internal citations omitted).

Plaintiffs' reliance on *Williams Planning Comm'n v. Hamilton Bank* is also misplaced because it concerned a taking claim instead of a due process claim. Indeed, the Sixth Circuit has distinguished between the accrual dates for procedural due process claims and taking claims finding that "a procedural due process claim is instantly cognizable in federal court without requiring a final decision . . . ." *Am Premier Underwriters, Inc.,* 839 F.3d at 461.

Now, in the face of a motion to dismiss their claims as time-barred, Plaintiffs attempt to unsuccessfully assert that their claims accrued, and the statute of limitations did not start to run, until 2020 when the City denied Evans' insurance board claim for compensation for damage allegedly arising from the same insulation permit "pass." But nothing in Plaintiffs' Complaint or Response changes the fact that their claim accrued and the three-year statute of limitations began to run at the

3

latest in 2016 as set forth above. Plaintiffs' attempt to rely on the subsequent denial of their claim in 2020 (which also falls outside the three-year statute of limitations) as a new accrual date is untenable. Plaintiffs cannot now manufacture a new accrual date for their claims to avoid their own delay in asserting their claims against the City Defendants.

## II. Plaintiffs' Failed to Allege the Violation of Any Clearly Established Constitutional Right.

Plaintiffs also erroneously assert that Defendants Worthington and Strong are not entitled to qualified immunity. But Plaintiffs failed to allege the deprivation of any clearly established constitutional right in violation of the Fifth or Fourteenth Amendments by either Worthington or Strong. Plaintiffs clarify that the alleged property interest at issue for their taking and due process claims is the $350 Evans allegedly paid[1] for a building permit. (ECF No. 51, PageID.3355-3356). But Plaintiffs failed to allege a taking or a deprivation of that fee by the City Defendants because they allege that the fee was voluntarily paid by Meadowlark for the permit. This is not a taking or deprivation by the City Defendants.

---

[1] Notably, Plaintiffs allege that this permit was paid for by Meadowlark out of the $25,000 deposit Evans allegedly paid Meadowlark. (ECF No. 51, PageID.3339). In other words, Plaintiffs allege that Evans voluntarily paid a deposit to Meadowlark, and then that Meadowlark voluntarily paid the $350 permit fee to the City. On these facts as alleged, there was no taking or deprivation of the $350 by the City Defendants. See *Herrada*, 275 F.3d at 553.

4

An individual's voluntary payment of a fee precludes a due process claim because there has been no governmental interference with the individual's property interest. *Herrada v. City of Detroit*, 275 F.3d 553 (6th Cir. 2001); *Gradisher v. County of Muskegon*, 255 F. Supp. 2d 720, 728 (W.D. Mich. 2003); *Oberhausen v. Louisville-Jefferson County Metro Govt.*, 527 F. Supp. 2d 713, 725 (W.D. Ky. 2007)(finding that "the payments Plaintiffs made to satisfy outstanding parking fines do not constitute a deprivation within the meaning of the Due Process clause" and noting that "[a] voluntary payment is precisely that").

Further, Plaintiffs failed to allege that Worthington or Strong *personally* deprived them of or participated in a taking of the permit fee. Plaintiffs allege only that Worthington and Strong conducted inspections on the permit (ECF No. 1, PageID.42, 45, 47, 108, 118, 120, 122, 124), but have not alleged that Worthington or Strong took any action at all with respect to taking or charging the permit fee or otherwise personally depriving Plaintiffs of the fee.

Plaintiffs also failed to allege how Worthington or Strong personally failed to provide them with adequate procedural process for the permit fee. As set forth above, this permit fee was voluntarily paid by Meadowlark. (ECF No. 1, PageID.61, ¶130; ECF No. 51, PageID.3339). Furthermore, Plaintiffs have alleged that an inspection was in fact conducted on the permit with follow-up inspections at the Welch's

5

request. On this basis, Plaintiffs failed to state constitutional violation claims against either Worthington or Strong and they are entitled to qualified immunity.[2]

For the very same reasons, Plaintiffs failed to state a cognizable *Monell* claim against the City. As set forth above, Plaintiffs failed to allege that charging a permit fee for work, which was voluntarily paid, is a constitutional violation. *See Herrada*, 275 F.3d at 553. Because Plaintiffs failed to allege that any agent of the City violated their clearly established constitutional rights, they have also failed to allege a municipal liability claim against the City. See *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 404 (6th Cir. 2010).

This conclusion also applies equally to Plaintiffs' civil conspiracy claim. Because Plaintiffs failed to allege that they were deprived of any constitutional right, they also failed to state a claim for conspiracy to deprive them of a constitutional right. See *Wiley v. Oberlin Police Dep't*, 330 Fed. Appx. 524, 530 (6th Cir. 2009); *Bartlett v. Washington*, 793 F. App'x 403, 408 (6th Cir. 2019)("if there is no underlying constitutional violation, there can be no claim for conspiracy either").

**III. Plaintiff Welch Lacks Standing.**

---

[2] Plaintiffs also incorrectly assert that the City Defendants carry the burden of proving that qualified immunity applies. (ECF No. 51, PageID.3362). But the opposite is true—"[w]hen defendants allege qualified immunity as a defense, the plaintiffs bear the burden of showing that the defendants are not entitled to qualified immunity." *Rieves v. Town of Smyrna*, 959 F.3d 678, 695 (6th Cir. 2020).

Finally, Plaintiffs make the conclusory assertion that because Evans has standing, so does Welch. But Plaintiffs do not explain why. This conclusory argument is waived. See *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)(noting that where a party has raised an "argument in the most skeletal way, leaving the court to . . . put flesh on its bones" the court may deem it waived).

Moreover, even apart from waiver, Plaintiffs' standing argument should still be rejected. While courts have noted (from a justiciability standpoint) that "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement," *Rumsfeld v. Forum for Acad. And Inst. Rights, Inc.*, 547 U.S. 47, 52 n. 2 (2006), one plaintiff's standing is not imputed to other plaintiffs who lack standing and a court may take up standing as to each named plaintiff. See *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 761-62 (E.D. Mich. 2020). As set forth in the City Defendants' principal brief, Welch lacks standing in this case.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above and in the City Defendants' principal brief, Plaintiffs' Complaint as to the City Defendants should be dismissed.

Respectfully submitted:

OFFICE OF THE CITY ATTORNEY

By: */s/ Jennifer A. Richards*
Jennifer A. Richards (P79962)
*Attorney for Defendants City of Ann Arbor, Worthington, Strong*
301 E. Huron Street, 3rd Floor
Ann Arbor, MI  48107-8647
Phone: (734) 794-6170
jrichards@a2gov.org

Dated: June 25, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notice of such filing to the following: Plaintiffs' Counsel and Defendants' Counsel, and I hereby certify that I have mailed by US Mail the document to the following non-ECF participants: None.

*/s/Jennifer A. Richards*
Ann Arbor City Attorney's Office