UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EMILY EVANS and MELANIE WELCH,

    Plaintiffs,

v.                                                        Case No. 21-10575

CITY OF ANN ARBOR, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER DENYING MOTIONS TO STRIKE FIRST AMENDED COMPLAINT, TERMINATING WITHOUT PREJUDICE MOTIONS TO DISMISS, AND DENYING MOTIONS TO FILE OVERSIZED BRIEFS AND SUR-REPLIES**

Plaintiff Emily Evans and her mother, Plaintiff Melanie Welch, bring a fifteen-count complaint against individuals and companies that provided Plaintiff Evans electrical and insulation work for her house, lawyers representing those companies and individuals, the City of Ann Arbor, Ann Arbor officials, and judicial officers of the Washtenaw County Circuit Court. (ECF No. 1.)

The complaint was filed on March 15, 2021. On May 17, 2021, Defendants City of Ann Arbor, Craig S. Strong, James Worthington, Hon. Judge Timothy Connors, Hon. Judge Carol Kuhnke, and Matthew Krichbaum filed motions to dismiss. (ECF Nos. 27, 28, 31.) On May 28, 2021, Defendants Howard & Howard Attorneys PLLC ("Howard & Howard"), Brandon Wilson, Dave Anderson, Arbor Insulation, Kirk Brandon, David Giles, Rob McCrum, Meadowlark Builders LLC, Meadowlark Energy, Michigan Quality Electric, Robert Patterson, Harry Ramsden, Tina Roperti, Douglas Selby, and Derek

Tuck also moved to dismiss. (ECF Nos. 34, 35.) On June 18, 2021, Defendant Property Management Specialists Inc. filed an answer. (ECF No. 52.)

On June 18, 2021, Plaintiffs filed an amended complaint without leave from the court. (ECF No. 57.) In the amended complaint, Plaintiffs added new allegations against several Defendants, including Defendants that moved to dismiss on May 17, 2021. For instance, Plaintiffs now allege that Defendants Wilson and Shelby submitted evidence before Judge Connors that contradicted a signed stipulation, in violation of the Due Process Clause of the Fourteenth Amendment. (*Id.*, PageID.4936.)

Defendants Howard & Howard and Wilson have filed an "Emergency Motion to Strike First Amended Complaint." (ECF No. 60.) They argue that, under Federal Rule of Civil Procedure 15(a), Plaintiffs amended complaint is untimely. Plaintiffs filed a response. (ECF No. 61.) Defendants City of Ann Arbor, Craig S. Strong, and James Worthington then filed a second motion to strike which is virtually identical to the motion filed by Defendants Howard & Howard and Wilson. (ECF No. 65.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). Both motions to strike will be denied.

Rule 15(a) governs amendments to complaints made before trial. Under Rule 15(a), "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiffs did not file their amended complaint within twenty-one days of service of the original complaint. *See* Fed. R. Civ. P. 15(a)(1)(A). In addition, they did not amend their complaint within twenty-one days of the May 17, 2021, motions to dismiss. Plaintiffs argue that they are permitted to amend their complaint as of right because they filed an amended complaint within twenty-one days of the motions to dismiss filed on May 28, 2021.

The court is not convinced that amendment as of right under Rule 15(a) in this case applies. Rule 15(a) states that the twenty-one-day period begins "after service of *a* responsive pleading or . . . after service of *a* motion [to dismiss] . . . whichever is earlier." *See* Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). "A" is defined as "referring to something . . . treated as one of a class: one, some, any." *A*, *Oxford English Dictionary* (2021). The plain text of Rule 15(a) indicates that as soon as any responsive pleading or motion to dismiss is filed, the clock to amend a complaint as a matter of right begins to run. The text of Rule 15(a) does not distinguish between responsive pleadings and motions to dismiss, nor does it distinguish between responsive pleadings and motions to dismiss filed by different parties. Rule 15(a) is noticeably broad, stating without conditions that the twenty-one-day period begins after a "responsive pleading" or a "motion under Rule 12(b), (e), or (f)." Furthermore, the rule explicitly contemplates scenarios where multiple responses are made to a single complaint. The rule states that if an answer is filed and a motion to dismiss is filed, the twenty-one-day period begins whenever the "earlier" document is filed. Fed. R. Civ. P. 15(a)(1)(B). Under Rule 15(a), Plaintiffs had twenty-one days from the date of the earliest responsive document–here

the May 17, 2021, motions to dismiss–to file an amended complaint as a matter of course.

The advisory committee notes support this holding. *See United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 727 F. App'x 119, 124 (6th Cir. 2018) (quoting *United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002)) (reasoning that committee notes "provide a reliable source of insight into the meaning of a rule."); *see also Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 689-90 (6th Cir. 2005) (relying heavily on committee notes to determine the meaning of Federal Rules of Procedure). The committee notes state that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15 Advisory Committee Note (2009).

Here, Plaintiffs are attempting to add together multiple twenty-one-day periods after Defendants filed motions to dismiss on separate dates. It is uncontested that Plaintiffs had the opportunity to amend their complaint as a matter of right within twenty-one days of the first motions to dismiss filed on May 17, 2021. But now Plaintiffs seek to establish a second twenty-one-day period and add more days, past the original twenty-one. Notably, amendments to the complaint do not solely concern Defendants who moved to dismiss on May 28. Plaintiffs add new allegations and legal claims against Defendants who filed motions to dismiss on May 17, and twenty-one days had indisputably passed since the May 17 motions to dismiss by the time Plaintiffs filed the amended complaint. (*See* ECF No. 57, PageID.4936.)

The implications of Plaintiffs' logic do not end with the May 28 motions. Had Plaintiffs not filed an amended complaint already, under their reasoning, they could have gained yet another twenty-one days if another Defendant had filed a motion to dismiss after the second twenty-one-day period expired. In this case, all Defendants have filed an answer or a motion to dismiss, but the possibility of twenty-one-day periods extending for weeks on end is not out of the question.

Plaintiffs' reasoning does not comply with Rule 15(a). The advisory committee made clear that there "is no new 21-day period," and parties cannot add together, or make "cumulative," twenty-one-day periods after opposing parties file separate responsive pleadings or motions to dismiss at different times.[1] Fed. R. Civ. P. 15 Advisory Committee Note (2009).

Although caselaw on this issue is limited, several district courts in the Sixth Circuit have come to the same conclusion. *See NECA-IBEW Pension Fund ex rel. Cincinnati Bell, Inc. v. Cox*, Case No. 11-451, 2011 WL 6751459, at *2 (S.D. Ohio Dec. 22, 2011) (quotations removed) ("The earliest served responsive pleading or motion begins the twenty-one day period."); *Bormuth v. City of Jackson*, Case No. 12-11235, 2012 WL 2184574, at *2 (E.D. Mich. June 14, 2012) (holding that the twenty-one-day

---

[1] In addition, the advisory committee notes state that the twenty-one-day period under Rule 15(a) serves to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15 Advisory Committee Note (2009). However, under Plaintiffs' reading of the rule, they could have the opportunity to review a motion to dismiss and amend a complaint as of right weeks if not months after a motion to dismiss is first filed. Such a result would militate against the goal of forcing Plaintiffs to consider "carefully and promptly" the need to file an amended complaint and would prevent the court from adequately regulating prejudicial or futile amendments. *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that courts must consider "undue delay," "undue prejudice," and "futility," among other factors, when deciding whether to grant leave to amend a complaint).

5

period began to run in a multi-defendant case after the first answer was filed, despite the fact that another answer and a motion to dismissed were later filed); *Jones v. Pro. Acct. Servs., Inc.*, Case No. 16-00013, 2016 WL 6242927, at *2 (E.D. Tenn. Oct. 6, 2016) (reasoning that "the Notes and the Rule itself explain this time period is not affected by the filing of other pleadings or motions" and concluding in a multi-defendant case that the time period began when the first response was filed). Plaintiffs fail to cite any precedent from the Sixth Circuit or Supreme Court that supports their reasoning.[2] Thus, Plaintiffs cannot amend their complaint as a matter of right under Rule 15(a).

Even if Plaintiffs cannot amend their complaint as a matter of right, they may still file an amended complaint with leave of the court. *See* Fed. R. Civ. P. 15(a). Consistent with the liberal pleading standards of federal court, Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." *Id.*; *see* 6 Charles Alan Wright &

---

[2] Defendants Ann Arbor, Strong, and Worthington were the only parties that cited caselaw in support of Plaintiff. (*See* ECF No. 65, PageID.6231, June 23 Motion to Strike (citing *Cowan v. Miller*, Case No. 15-12428, 2016 WL 4362868 (E.D. Mich. Aug. 16, 2016) (Patti, M.J.); *Scott-Blanton v. Universal City Studios Productions, LLP*, 244 F.R.D. 67, 69 (D.D.C. 2007)); ECF No. 73, PageID.7113, Plaintiffs' Response (mentioning cases cited by Defendants Ann Arbor, Strong, and Worthington in their motion to strike).) However, the cited cases either occurred prior to the current version of Rule 15(a), *Scott-Blanton*, 244 F.R.D. at 69, or lacked detailed legal analysis. *Cowan*, 2016 WL 4362868, at *2. In *Cowan*, the court concluded that "[w]hen a plaintiff seeks to amend his or her complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right." *Id.* The court does not find this interpretation persuasive. It is highly impractical in many cases to determine whether an amendment is directed at one defendant, who has recently responded, or directed at other defendants who responded well in the past. Allegations and claims against multiple defendants are regularly combined and intimately related. Further, the requirement that the court examine an amended complaint and determine whether amendments are directed at a defendant is found neither in the text nor commentary of Rule 15. Finally, in this case, Plaintiffs' amended complaint includes new allegations against Defendants who filed the May 17 motion to dismiss, and May 17 is outside the most recent 21-day period. (*See, e.g.*, ECF No. 57, PageID.4936.) Even under *Cowan*'s logic, amendment as of right is not in this case appropriate.

Arthur R. Miller, *Federal Practice and Procedure* § 1473 (3d ed. 1998). Underlying this rule is the principle that "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This case began only three months ago in March 2021. The parties have not engaged in discovery, and Plaintiffs have not previously sought to amend their complaint. Although Defendants have already filed several motions to dismiss, amendment of the complaint at this early stage would not so severely prejudice Defendants that rejection of the proposed amendments is warranted. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (stating that courts generally require "some significant showing of prejudice" to deny a plaintiff leave to amend a complaint). Thus, the instant motion to strike the amended complaint will be denied, and Plaintiffs will be permitted to amend the complaint with leave of the court. Fed. R. Civ. P. 15(b).

In the instant motion to strike, Defendants Howard & Howard and Wilson request "guidance" as to the impact of the amended complaint on the pending motions to dismiss. (ECF No. 60, PageID.6154, 6161.) Because Plaintiffs have filed an amended complaint, the court will terminate as moot the pending motions to dismiss. *See Nowak v. ABM Indus. Inc.*, Case No. 21-10774, 2021 WL 1614396, at *1 (E.D. Mich. Apr. 26,

7

2021) (Levy, J.) (quotations removed) ("An amended complaint supersedes all prior complaints," thus "motions directed at the superseded pleading . . . generally are to be denied as moot."); *Jordan v. City of Detroit*, Case No. 11-10153, 2011 WL 4390003, at *1 n.1 (E.D. Mich. Sep. 21, 2011) (Cleland, J.) ("[A] complaint that has not yet been filed cannot logically be attacked by a motion to dismiss."). Defendants will be given fourteen days from the date of this order to respond to the amended complaint, whether through an answer or a motion to dismiss. The court makes no finding as to the merits of the motions to dismiss.

Since Defendants filed the motions to dismiss, Plaintiffs have filed two motions to file oversize briefs and seven motions to file sur-replies. (ECF Nos. 54, 64, 68, 71, 75, 77, 78, 81, 84.) They request additional briefing to respond fully to Defendants' arguments. Because the court will terminate as moot Defendants' motions to dismiss, additional briefing from Plaintiffs is not at this time necessary. Thus, the court will deny the motions for oversized briefs and sur-replies. Accordingly,

IT IS ORDERED that the "Emergency Motion to Strike First Amended Complaint" (ECF No. 60) and the "Motion to Strike Amended Complaint" (ECF No. 65) are DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 27, 28, 31, 34, 35) are TERMINATED WITHOUT PREJUDICE as moot.

IT IS FURTHER ORDERED that Defendants must respond to Plaintiffs' Amended Complaint (ECF No. 57) by **July 28, 2021**.

Finally, IT IS ORDERED that the "Ex Parte Motion . . . to File an Oversize[d] Brief" (ECF No. 54), the "Motion . . . for Leave to File Sur-Reply" (ECF No. 64), the "Motion [for] Leave to File a Sur-Reply" (ECF No. 68), the "Ex Parte Motion Regarding

Response" (ECF No. 71), the "Ex Parte Motion Regarding Reply to Response" (ECF No. 75), the "Motion for Leave to File Sur-Reply" (ECF No. 77), the "Amended Motion for Leave to File Sur-Reply" (ECF No. 78), the "Motion for Leave to File Sur-Reply" (ECF No. 81), and the "Motion Regarding Reply to Response" (ECF No. 84) are DENIED as moot.

                                                    s/Robert H. Cleland                /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: July 14, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 14, 2021, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                     /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522