UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EMILY EVANS and MELANIE WELCH,

    Plaintiffs,

v.                                                          Case No. 21-10575

CITY OF ANN ARBOR, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO FILE REPLIES, GRANTING PLAINTIFFS' MOTION TO AMEND/CORRECT MOTIONS, DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION, AND DIRECTING PLAINTIFFS TO SHOW CAUSE AS TO REMAINING CLAIMS AGAINST DEFENDANT PMSI**

    Plaintiffs Emily Evans and Melanie Welch bring a fifteen-count complaint against individuals and companies that provided Plaintiff Evans electrical and insulation work for her house, lawyers representing those companies and individuals, the City of Ann Arbor, Ann Arbor officials, and judicial officers of the Washtenaw County Circuit Court. (ECF No. 57.) The complaint alleges a wide array of claims, ranging from range from federal claims brought under 42 U.S.C. § 1983 and tort and contract claims brought under Michigan law. (*Id.*, PageID.4929-48.)

    On February 25, 2022, following extensive briefing, the court issued an opinion and order that granted all pending motions to dismiss (ECF Nos. 80, 86, 88, 91, 93) and further dismissed Plaintiffs' pendent state claims. (*See* ECF No. 126.) The court also directed Plaintiffs to show cause why the court should not dismiss the remaining § 1983 claim against Defendant Property Management Specialists, Inc. ("PMSI"). (*Id.*, PageID.12227-30.) However, because Plaintiffs filed the instant motion, they asserted

that "the claim against PMSI is contingent on the Court's ruling on their motion for reconsideration, and therefore dismissal of the PMSI claim at this juncture would be premature." (ECF No. 128, PageID.12290.) Now before the court is Plaintiffs' motion for reconsideration of the court's February 25 order. (ECF No. 127.) All Defendants except PMSI filed responses to Plaintiffs' motion.[1] (ECF Nos. 138, 139, 140, 141, 145, 148.) After review, the court finds a hearing unnecessary. E.D. Mich. LR 7.1(f)(1)-(2). For the reasons stated below, the court will deny Plaintiffs' motion. Further, the court will order Plaintiffs to show cause why the final claim against PMSI should not be dismissed.

### A. Motion for Reconsideration

As an initial matter, Plaintiffs have cited and applied a now-outdated standard for motions for reconsideration.[2] Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may move for reconsideration of a non-final order, although they are "disfavored" and may be brought only upon specific grounds. As of December 1, 2021, it is no longer a movant's burden to demonstrate "a palpable defect by which the court has been misled, the correction of which would result in a different disposition."

Rather, the movant must make a three-part showing that: "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior

---

[1]  Plaintiffs also filed motions for leave to file a reply to all responses filed by Defendants. (ECF Nos. 144, 150, 151, 152, 153, 154.) The court will grant the motions, although after review of the reply briefs, they do not add much substantive value to Plaintiffs' request. The court will also grant Plaintiffs' counsel's request to clarify and correct a misstatement in his certificates of concurrence. (ECF No. 155.)

[2]  Plaintiffs' attorney acknowledged this error in its reply to the City Defendants' response brief, but Plaintiffs did not actually apply the correct standard to the facts. (ECF No. 150, PageID.12661.)

decision." E.D. Mich. LR 7.1(h)(2)(A). But motions for reconsideration "should not be used liberally to get a second bite at the apple." *United States v. Lamar*, No. 19-CR-20515, 2022 WL 327711, at *1 (E.D. Mich. Feb. 3, 2022) (Goldsmith, J.). Indeed, motions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered. *See United States v. Moore*, No. 06-20465, 2022 WL 1251009, at *1 (E.D. Mich. Apr. 27, 2022) (Edmunds, J.) (citing *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997)); *Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-CV-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10, 2022) (Murphy, J.).

Here, Plaintiffs raise several arguments to challenge the court's February 25 opinion. But after a review of Plaintiffs' motion for reconsideration and five reply briefs, the court once again finds itself assessing nearly identical contentions that have already been considered by the court. For example, Plaintiffs argue that there is no time limit on an action brought under Rule 60(d).[3] (ECF No. 127, PageID.12249-63.) Yet, the court's February 25 opinion began its analysis by explaining how the nature and structure of Plaintiffs' complaint renders Rule 60 inapplicable. (ECF 126, PageID.12199.) Nothing in Plaintiffs' present motion demonstrates that the court made a mistake, particularly in light of the court's discussion and citation to cases standing for the proposition that "courts within the Sixth Circuit have held that plaintiffs may only maintain a fraud upon

---

[3] As the court noted in its February 25 order, it is not entirely clear what provision of Rule 60 Plaintiffs seek to invoke. (ECF No. 126, PageID.12199-200.) The Howard & Howard Defendants describe the situation before the court accurately, explaining that "[o]n page 4 of their Brief, Plaintiffs refer to Rule 60(d)(1) and (3). On page 5 of their Brief, they assert that their claims were brought under Rule 60(b)(3) and (6). On page 11 they refer to Rule 60(d)(4). On page 12 they return to Rule 60(d)(3)." (ECF No. 139, PageID.12459.)

3

the court cause of action in the court where the alleged fraud was committed." (ECF No. 126, PageID.12200.) Rather, Plaintiffs simply disagree with the court's interpretation of the authority relied upon in its opinion. *See United States v. Williams*on, No. 11-CR-20564, 2022 WL 1592715, at *2 (E.D. Mich. May 19, 2022) (Goldsmith, J.) ("The Court has not made a mistake; Williamson simply disagrees with the result."). Indeed, Plaintiffs rely on *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006) to argue that that "[Plaintiffs' Rule 60] claim is cognizable in federal court even if the fraud was committed in a different court, a state court." (ECF No. 127, PageID.12260.) Not once, however, is Rule 60 cited in *McCormick*, nor is it at issue whatsoever; the only pertinent portion of the opinion was the Sixth Circuit's claim-by-claim application of the *Rooker-Feldman* doctrine. *See McCormick*, 451 F.3d at 392-96. Plaintiffs fail to identify a mistake that the court has made, a correction of which would change the outcome of its previous opinion.

Additionally, Plaintiffs argue that "since the original judgment must be set aside as void and unenforceable, it follows that any subsequent rulings flowing from that judgment are also avoid and must be set aside[] including the appointment of Krichbaum as receiver." (ECF No. 127, PageID.12263-66.) Each and every argument maintained in this portion of Plaintiffs brief has already been extensively assessed by the court. (ECF No. 126, PageID.12223-27.) Motions for reconsideration may not be used by a party to relitigate issues, especially those that the court has squarely addressed. Plaintiffs' arguments "read[] as an attempt to have another chance at [a] different ruling, a purpose for which motions for reconsideration are not intended."

4

*Pianko v. General R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 2865839, at *2 (E.D. Mich. July 20, 2022) (Ivy, Mag. J.).

Furthermore, Plaintiffs maintain that the court erroneously found that Count III against Defendant Judge Connors does not seek prospective relief and therefore requires Plaintiffs' claim to go forward. *See Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) (holding that a suit for declaratory relief against judges in their official capacity "is actionable only to the extent it seeks prospective relief"). Count III was dismissed in part because Plaintiffs failed to bring a claim against Defendant Connors that was prospective. (ECF No. 126, PageID.12223.) Plaintiffs fail to convince the court that it made a mistake in this regard. Plaintiffs' requested relief as to Judge Connors is clear:

> Plaintiffs respectfully request that the Court enter a declaratory judgment pursuant to 42 U.S.C. § 2201 holding that Judge Connors violated Evans' 1st Amendment right of access to the courts and her 14th Amendment right to procedural due process by failing to afford Evans additional time to retain an attorney and proceeding to trial without an attorney present representing her interests.

(ECF No. 57, PageID.4872.) Plaintiffs' unequivocally "requested a ruling only on whether the past actions of [Defendant] were right or wrong, which could not affect the present relationship between the parties." *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 457 (6th Cir. 2021) (affirming dismissal of constitutional claims against state court judges because "the complaint failed to present a justiciable case or controversy"). As the court already held, "Plaintiffs' claims require dismissal because the requested relief essentially amounts to only "an advisory opinion from the district court as to whether [Plaintiffs'] constitutional rights had been violated." (ECF No. 126, PageID.12223 (quoting *Larry E. Parrish*, 989 F.3d at 457).) Plaintiffs merely disagree with the court's

5

interpretation of the complaint—they do not present a mistake, and the arguments advanced by Plaintiffs are otherwise unpersuasive. Thus, even if the court made a mistake as it pertains to any other aspects of its rulings under Count III—which the court need not address— it would not change the outcome because Count III would still require dismissal.

Finally, Plaintiffs argue that the court should not have dismissed their takings claims. But yet again, Plaintiffs make essentially identical arguments made in their responses and sur-replies to Defendants' motions to dismiss; this is now the third time Plaintiffs have presented these issues to the court. The court has already analyzed—devoting some nine pages of discussion—whether Plaintiffs' takings claim should be dismissed due to the statute of limitations or a failure to state a claim. (*See* ECF No. 126, PageID.12202-10.) Although in their motion for reconsideration Plaintiffs obviously seek a different result by rehashing these issues, the court not persuaded that Plaintiffs have identified a mistake that would change the outcome of its previous opinion.

## B. Order to Show Cause

Finally, in its February 25 opinion, the court also directed Plaintiffs to show cause why the remaining claims against PMSI should not be dismissed. (ECF No. 126, PageID.12229.) Specifically, the court explained:

> In Count V, Plaintiffs also allege that PMSI "violated Evans' constitutional and statutory rights by" both (1) "destroying its file related to its management of Evans' property located on Hatcher Crescent"—leading to PMSI being unable to account for the losses—and (2) failing to compensate Plaintiff Evans for damage done by tenants to the rental property. (ECF No. 57, PageID.4937-38.) The court discerns several potential problems with this final federal claim. Not only does it bear similarities to those against Defendant Krichbaum, which again implicates *Rooker-Feldman*, the court perceives that dismissal could be warranted due to an absence of state action as required under § 1983 or a failure to

6

state a claim under the Fifth and Fourteenth Amendment. The court will therefore order Plaintiffs to show cause why this claim should not be dismissed on any of these grounds.

(*Id.*) Having assessed Plaintiffs' motion for reconsideration, the propriety of Plaintiffs' federal claim against PMSI is no longer a premature issue. Plaintiffs will have two weeks from the entry of this order to submit a written response to the court's order.

### C. Conclusion

In sum, Plaintiffs have failed to meet the standards of a motion for reconsideration. They present largely duplicative and repetitive arguments that do not change the outcome of the court's February 25 order. Accordingly,

IT IS ORDERED that Plaintiffs' various "Motions for Leave to File a Reply" and "Motion to Amend/Correct" (ECF Nos. 144, 150, 151, 152, 153, 154, 155) are GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' "Motion for Reconsideration" (ECF No. 127) is DENIED.

Finally, IT IS ORDERED that Plaintiffs must show cause, in writing, why the claim against Defendant PMSI (Count V) should not be dismissed by August 12, 2022. In its response, Plaintiffs should address only the allegations against Defendant PMSI under Count V. Defendant PMSI shall file any reply to Plaintiffs' show cause response by August 26, 2022.

                      s/Robert H. Cleland             /
                      ROBERT H. CLELAND
                      UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10575.EVANS.MotionForReconsideration.MAZ.2.RHC.docx